ALBANY,
August, 1806.

Bindon
v.
Robinson.

*Per Curiam.* It is not the practice of the *English* courts to relieve the bail in a case like the present; but the practice of this court has been to relieve the bail to the sheriff, in all cases, upon the return of the writ against them; (*Coleman,* 57.) the cases cited do not apply here. We see no reason why the bail should not be relieved after the death of the principal, in the same manner as if he were still alive. As this point has not been before settled, and the *English* practice is different, let all the proceedings on the bail-bond be set aside, on payment of costs.

Rule granted.

## Bindon *against* Robinson.

The declaration stated that the defendant did not take care to fill, stop up, or cover a certain vault or hole, dug by him in the street, nor to place near the same, a fence to prevent, &c. The defendant pleaded that he did place a sufficient fence, &c. The replication was in the words of the declaration, & concluded with a *verification*. On a demurrer, it was held to be bad, and that the plaintiff ought to have taken issue on the plea.

THIS was an action on the case. The declaration stated that the defendant dug and made a vault or hole in the public highway or street, to wit, John-street, in the city of *New-York,* and did not take care to fill, stop up or cover the same, nor to place near the same any fence or other thing whatsoever, to prevent any person passing along the said street from falling into the said vault or hole, and that the defendant in passing along the said street in the night, and not knowing of the said vault or hole, fell into the same, and broke his leg, and otherwise injured himself, &c. The defendant pleaded 1. *Not guilty.* 2. *Protesting* that he was possessed of a certain house in John-street on the said street or way, and had lawful power and authority to dig the said vault or hole, &c. for further plea, pleaded, that he, the defendant, did cause to be placed round the said vault or hole, a sufficient fence to prevent, &c. and that the injury complained of by the plaintiff was caused by his own carelessness and fault. To the *second* plea the plaintiff replied that after the digging the said vault or hole, the plaintiff unavoidably, and against his will, fell into the same, &c. and that the defendant did not take care to fill up, stop up, or cover the same, nor to place near the same any fence or other thing whatsoever, to prevent, &c. and concluded with a *verification*. The de-

fendant *demurred* to the replication, and assigned for cause of demurrer, that it concluded with a *verification*, when it ought to have concluded to the country, &c.

*Emott* for defendant. The replication contains the same facts as were stated in the declaration. There is no new matter in the replication, to authorise such a conclusion. The rejoinder therefore must have been the same as the plea. The replication ought to have negatived the plea and concluded to the country.

*Henry*, contra. There is no dispute about the rules of pleading ; the only question is whether the replication does not contain new matter. The plea merely says, that the defendant did put a fence round, &c. the replication states that he left it uncovered, and the plaintiff did not chuse to put the cause at issue on the single fact alone, that it was not fenced. He cited 2 *Wilson*, 65. *Douglas*, 58. 3 *Term*, 576. 2 *Strange*, 871.

*Emott*, in reply. The charge in the declaration is in the disjunctive. If the plea were bad, the plaintiff ought to have demurred to it. Now if the defendant rejoin in the words of the plea, they may go on, *ad infinitum* without coming to an issue.

*Per curiam.* The replication is bad. It states no new matter, and ought to have concluded to the country. The plaintiff, however, may amend his replication and take issue on the plea, upon payment of costs.

## Blasdale *against* Babcock.

THIS was an action on the case, on an implied warranty in the sale of a horse. At the trial of the cause before Mr. Chief Justice *Kent*, on the 20th of *June*, 1806, it appeared, that after the plaintiff had bought the horse of the property, and brought an action of trover against A and recovered. of the suit brought by C to B, who attended with a witness at one court was not then tried ; and he did not attend at a subsequent court on. In an action brought by A against B, on the implied warranty was held that the record of the recovery against A by B was proper jury ; and that the notice of the other suit was sufficient, without tice afterwards of the time of trial.

ALBANY,
August, 1806.

Blasdale
v.
Babcock.

A sold a horse to B; and C afterwards claimed the horse as his A gave notice but the cause when the trial came as to the title, it evidence to the giving special notice