## JAMES STEWART AND JOHN S. HOWELL, RESPONDENTS, *v.* WILLIAM A. KETALTAS, APPELLANT.

*Building Contract—Payment on Certificate of Architect, what Certificate.—Time of Contract binding when.*

' Where the agreement of the parties stipulates that the Plaintiff shall be entitled to the last payment upon the building contract, on the certificate of the architect testifying that the work was done, it is not necessary that the certificate of the architect should recite the particular terms of the contract specifying the manner in which the Plaintiff should perform his part thereof.

Where the Defendant has by his own failure prevented the Plaintiff from performing his part of the contract within the time stipulated, he cannot object that the Plaintiff did not complete the contract within the time limited thereby.

APPEAL from a judgment of the Superior Court of the city and county of New York, rendered at General Term, affirming a judgment for $3,958.99 entered upon a verdict rendered on trial in that Court before Mr. Justice Bosworth and a jury. The action was brought by the Plaintiffs to recover of the Defendant the last instalment on a building contract, and for certain extra work. The contract is under seal and executed between the parties, and contains an agreement on the part of the Plaintiffs that they will, on or before the first day of February, 1860, well and sufficiently erect and finish the new building, to be situated on lot 88 Leonard street, in the city of New York, agreeably to the drawings and specifications made by Griffith Thomas, architect, and signed by the parties, and annexed to the contract, "within the time aforesaid, in a good, workmanlike, and substantial manner, to the satisfaction and under the direction of the said architect, to be testified by a writing or certificate under the hand of the said architect." And this is followed by an agreement on the part of the Defendant that he will, "in consideration of the covenants and agreements being strictly performed and kept by the said parties of the second part, as specified, well and truly pay, or cause to be paid unto said parties of the

second part, their executors, administrators, or assigns, the sum of eleven thousand four hundred dollars lawful money of the United States of America in manner following:

$1,200 when all the cellar walls are built up;
 900 when all the basement walls are built up;
 900 when all the first story walls are built up and basement piers built up;
1,000 when all the second and third story walls are built up, and first story columns set;
 900 when the building is enclosed, chimneys built up, and roof coping on;
3,500 when all the walls are browned, vaults built, and iron shutters hung;
3,000 when all the walls are completely finished and certified by the architect to that effect.

$11,400

Provided, that in each of the said cases a certificate be obtained and signed by the said architect." The Plaintiffs did not complete their work until some time after the 1st of February, About 21st March, 1860, the Plaintiffs obtained from the architect and delivered to the Defendant a certificate as follows:

"NEW YORK, March 21, 1860.

" WILLIAM A. KETALTAS, Esq.:

"Dear Sir—This is to certify that Messrs. Stewart & Howell have completed the mason work to your building in Leonard street.

"Yours, most respectfully,
"GRIFFITH THOMAS, Architect."

On the trial evidence was given to establish that the Plaintiffs were prevented from completing their work by the stipulated time, by omissions or delays of the Defendant, or carpenters employed by him in doing other work on the premises which was progressing with that of Plaintiff's, and parts of which were necessary to be done to enable them to proceed with their work.

All of the other facts necessary to the consideration of the case sufficiently appear in the opinion.

*F. N. Bangs* for Respondents.
*C. Bainbridge Smith* for Appellant.

SCRUGHAM, J.—The written contract between the parties expresses an agreement on the part of the Plaintiffs to erect and finish the new building therein referred to agreeably to the drawings and specifications made by the Defendant's architect, and signed by the parties. It is apparent, from an examination of the specifications, that the only work and materials which the Defendants were to do and furnish toward the erection of the building were the mason and blacksmithing work, and that other work and materials were necessary to its erection and completion. It also appeared in evidence that carpenters were employed by the Defendant, who were working upon the building at the same time with the Plaintiffs. The Plaintiffs adduced evidence to show that their work was so connected with that of others employed by the Defendant upon the building that, at times, its progress necessarily depended upon that of the other work, and that in consequence of delays in that they were prevented from completing their work within the time limited in the contract. The jury found these facts in their favor; but objection is made that errors were committed by the judge in receiving evidence upon those subjects, notwithstanding the Defendant's objection, and also in not expressly charging the jury that in order to excuse the non-performance of the Plaintiffs they should be convinced that the circumstances referred to rendered it impossible for the Plaintiffs to complete their work by the day named in the contract. The objection on this ground to the reception of evidence was to the proof of any excuse for the Plaintiffs not fulfilling their contract, and was properly overruled ; as there can be no question but that hindrances by the Defendant, rendering it impossible for the Plaintiffs to fulfil their contract, would afford a legal excuse for their non-performance, and the objection was so broad that it could not be sustained without establishing a rule for the exclu-

sion of evidence of such circumstances. The judge instructed the jury that they were to inquire whether the Plaintiffs were delayed or prevented from performing their contract by the stipulated time, in consequence of any failure on the part of the Defendant, or of the carpenters employed by him, to do that "which was indispensable to the progress of the work on the contract; if there were such delay or interruption resulting from the omissions of the carpenters to do what was essential to enable the Plaintiffs to proceed with their work, and if that delay was such as to throw the completion of the work over the first of February, then the Plaintiffs would be entitled to recover, being prevented from completing their contract in time by the act of the Defendant or his carpenters." To say that certain work is indispensable to the performance of a contract is, in my judgment, equivalent to a declaration that unless such work is done the contract cannot possibly be performed, and I cannot understand how it is possible for a contractor to proceed with his work when the performance of other work is essential to enable him to do so, and that other work is not done. Even in view of the position assumed by the Defendant (and upon which it is not necessary for us to pass), that a contractor is not to be excused for delays caused by his employer, unless they rendered it impossible to complete the contract work within the stipulated time, this charge is sufficient; and that it must have been so understood on the trial appears from the fact that no exception was taken to it, nor request made for a more explicit instruction in this respect.

It was plain from the evidence of the Plaintiff Stewart, although he did not state the fact very explicitly in his testimony, that his original estimate, made upon the specifications before the contract was signed, was for $11,600, and that it included an estimate of $200 for sheath piling. When the contract was about to be signed the Defendant warranted that the store on the west side of the building would be erected forthwith, and therefore that sheath piling would be unnecessary, and in consideration of this assurance the Plaintiffs deducted the estimate of $200 for sheath piling from their estimated price, and the sum of $11,400

was inserted in the agreement as the contract price. The written contract did not mention the sheath piling, but that was among the works expressed in the specifications, which were referred to in the contract, and by its terms made a part of it. As it was not stricken from the specifications before the contract under seal was executed, the Defendant might legally require it to be performed by the Plaintiffs, with the other work, for the contract price, and was under no legal obligation to pay the Plaintiffs for doing it anything in addition to the contract price. The Plaintiffs refused to do the work unless the Defendant would pay them therefor $200 in addition to the contract price. After some hesitation and conference between the parties, and the Defendant and his architect, the Defendant agreed that the work need not be done under the contract, but that he would pay the Plaintiffs $200 if they would do it. The Defendant thus released the Plaintiffs from all claims he might have had against them for breach of the contract in refusing to do this work under it, and their subsequent agreement to do the sheath piling was sufficient consideration to support his promise to pay for it. (Lattimore and others v. Harsen, 14 Johns. 330). The evidence in regard to it was therefore properly admitted, and the exception to the charge in that respect, and to the refusal to instruct the jury that the Defendant was not liable, were not well taken.

It was not necessary that the architect's certificate should contain a statement that the work was done agreeably to the drawings and specifications, within the time, in a good, workmanlike, and substantial manner, under his direction and to his satisfaction. The agreement of the Defendant was that the work should be so done as to be testified by a writing or certificate under the hand of the architect, but the form of the certificate is not prescribed in that part of the contract which contains the obligations of the Plaintiffs; and as the work was to be done in this manner before they were entitled to demand any certificate from the architect, whose duty it was to withhold it until the work was so done, it may be assumed that a certificate signed by him, stating only that the work was done, would sufficiently testify to its hav-

ing been performed in accordance with all of these requirements. But in that part of the contract which states the obligations of the Defendant, provision is made for the payment of the contract price, in instalments, as the work progressed; and in each case the right to payment is made to depend upon the obtaining a certificate signed by the architect. There can be no doubt but that the obtaining of a certificate signed by the architect, and stating that the particular work has been done upon the performance of which the right to the payment depended, would be a sufficient compliance with this requisition. In reference to the last payment, the provision is as follows, viz.: " $3,000 when all the walls are completely finished and certified by the architect to that effect." It cannot be successfully contended that this renders two certificates necessary, or that the obtaining of a certificate signed by the architect, and certifying that the walls are completely finished, would not be a full compliance with the requirement that this fact should be certified, and that a certificate signed by the architect should be obtained in every case to entitle the Plaintiffs to payment. The question is not here, as it was in Smith *v.* Brady (17 N. Y. 173), and in most of the other cases cited on this point by the Defendant, whether the Plaintiffs can recover without obtaining a certificate of the architect, but only whether the certificate presented contained all necessary statements. In Smith *v.* Briggs (3 Denio, 73) the Defendant had covenanted to pay the Plaintiff for doing the carpenter work of a certain house, " when he should receive from the architect his certificate that the work was fully and completely finished according to the specification." Here was a distinct statement of what was required to be averred in the certificate, and it was properly held that the requirement was not answered by a letter addressed by the architect to the Defendant pronouncing the house finished, " and if not literally so in every punctilio, they are done in that manner that, was I the owner, I would accept them for myself; still, as to extra wall and work omitted that is embraced in specification, also as to their being finished at a stated period of time, is not in my province to express an opinion." In that

case the contract required that the certificate should embrace a declaration that the work was "finished according to the specification," and on that ground the use of these words, or words of like import, was held essential. In the case under consideration no such particularity of statement was required in the certificate.

The judgment should be affirmed.

All concur. J. J. Hunt and Porter not voting.

Affirmed.

<div align="right">

JOEL TIFFANY,

State Reporter.