CYRUS T. COOKE, RESPONDENT, *v.* THE ODD FELLOWS' FRATERNAL UNION, FLORUS F. DIEFFENBACHER AND OTHERS, APPELLANTS.

*Arbitration agreement, construction of — a sub-contractor not bound by the award against the principal contractor — waiver.*

In this proceeding, instituted to foreclose a mechanic's lien by the plaintiff, who was a sub-contractor and also a surety for the due execution of his contract by the principal contractor, it appeared that the contract between the defendant and the principal contractor provided that, if any dispute should arise as to the true value of the alterations, etc., in the work or material contracted for, the value in dispute should be determined by arbitrators, and that for each and every day's delay in the performance of the agreement, after the time specified for the completion of the same, there should be allowed and paid by the principal contractor to the defendant the sum of twelve dollars as damages for such delay, if the same should arise from any act or default on the part of the principal contractor.

A dispute having arisen between the defendant and the principal contractor the matter was submitted to arbitration and notice of this submission, and of the time

and place where the arbitrators would proceed with the hearing, was served upon the plaintiff, who was notified to be present and submit such evidence as he wished to have considered.

He did not appear and the arbitrators proceeded and made an award in which they found that the damages to which the defendant was entitled exceeded, by some $1,200, the value of the extra work done under the contract, and that there was a balance due from the principal contractor to the defendant.

In the present proceeding the appellant set up the action of the arbitrators and the award as a defense.

*Held,* that the stipulation for damages for non-performance of the contract within the time agreed upon did not constitute one of the subjects which, by its terms, was to be determined by the arbitrators.

That the plaintiff, as surety, was concluded by the judgment of the arbitrators in so far only as it was authorized and required by the building contract.

That the plaintiff, as sub-contractor, was not concluded by the judgment of the arbitrators so far as it determined the damages for the delay.

*Semble,* that as sub-contractor he was not concluded by it at all.

What facts establish a waiver by the owner of the right to enforce the provisions of a contract in reference to the stipulated damages for delay, considered.

APPEAL by the Odd Fellows Fraternal Union, from a judgment entered in Monroe county upon the report of a referee.

*J. W. Stebbins,* for the appellant.

*Henry W. Conklin,* for the respondent.

HAIGHT, J. :

This was a proceeding instituted by the plaintiff to foreclose a mechanic's lien, filed on December 19, 1884, against the property of the appellant, the Odd Fellows' Fraternal Union. It appears that on the 31st day of March, 1884, the defendant, Florus F. Dieffenbacher entered into an agreement with the defendant, the Odd Fellows' Fraternal Union of the city of Rochester, to erect and furnish all the carpenter, joiner and other work in accordance with drawings, details, etc., of a five-story annex to the building known as the " Odd Fellows' Fraternal Union," on the corner of Clinton and Division streets, in the city of Rochester, for the sum of $3,653, the building to be completed on or before the 15th day of November, 1884. It was stipulated in the contract that the appellant, the Odd Fellows' Fraternal Union, should have the right and privilege, at any time during the progress of the building, to make any alterations, deviations, additions or omissions in the work or materials contracted for, without making void the contract; but the true value of such alterations,

deviations, additions or omissions, should be added or deducted from the amount specified in the contract, and if any dispute should arise as to the true value of the alterations, deviations, additions or omissions in the work or materials contracted for, the value in dispute should be determined by two competent persons, one employed by the party of the first part and the other by the party of the second part, and they should have power to name an umpire, whose decision shall be binding upon all parties. It was further stipulated in the contract that, for each and every day's delay in performance of the agreement after the time specified for the completion of the same, there should be allowed and paid by Dieffenbacher to the Odd Fellows' Fraternal Union, or its representatives, the sum of twenty dollars as damages for such delay, if the same should arise from any act or default on the part of Dieffenbacher.

A dispute did arise between the parties, and they thereafter and on the 8th day of April, 1885, entered into a written agreement to submit to the arbitrators named therein all matters in difference between them, and agreed to abide by the decision of the arbitrators as final and conclusive according to the true intent, meaning and spirit of the contract. Notice of this submission to arbitrators, with the time and place that the arbitrators would proceed with the hearing, was served upon the plaintiff, and he notified to be present and submit such evidence as he wished to have considered. He did not appear, however, and the arbitrators so selected proceeded with the hearing and made an award in which they found that the defendant Dieffenbacher should be allowed for extra work on the contract the sum of $188 60, and that the defendant, the Odd Fellows' Fraternal Union, as owner, should be allowed as damages the sum of $2,252.33 ; that included in the latter sum was an item of $1,520 for seventy-six days' delay on the part of the contractor in completing the work, at twenty dollars per day. This allowance more than paid the contractor, and left a balance due from him to the appellant of $1,270.10. A copy of the award was served upon the plaintiff, who thereafter instituted these proceedings. The appellant set up the arbitration and award as a defense. The referee has held that the award was binding upon the plaintiff as to all matters except the said item of $1,520.

The plaintiff was surety for Dieffenbacher upon the building contract, and undertook that he would faithfully fulfill all the conditions and stipulations contained in the details and general drawings mentioned in the carpenter's specifications, and, if not so done, he would pay all damages caused thereby. He thus had full notice of all the provisions of the contract and was bound by it, and, in so far as the building contract provided for the determination of disputes by arbitration between the parties, he having notice, was bound by the determination made.

The first question, which it becomes necessary to determine, is whether or not the stipulated damages for the non-performances of the contract within the time stipulated was embraced in the contract as one of the subjects to be determined by the arbitrators. The language, as we have seen, is that in case dispute arises as to the true value of the alterations, deviations, additions or omissions in the work or material contracted for, it shall be determined by the arbitrators, etc. The language used in this clause is identical with that used in the former paragraph of the agreement, in which it is provided that the Odd Fellows' Fraternal Union shall have the right and privilege at any time during the progress of the building "to make any alterations, deviations, additions or omissions in the work or materials." The matter thus agreed to be submitted to arbitrators was evidently intended, and must, therefore, pertain to the alterations, deviations, additions or omissions in the work or materials which the appellant had the right to make under the contract. It does not include the damages which was agreed to be paid in case of non-performance of the contract; but the agreement between the appellant and the defendant Dieffenbacher, subsequently made, submitting their matters in controversy to arbitrators, did embrace the claim for damages in not performing the contract within the time stipulated, and, consequently, the award that was made was binding upon the appellant as well as the defendant Dieffenbacher. But was it binding upon the plaintiff? He, as surety or as subcontractor and lienor, was not a party to the agreement submitting the matter in controversy to arbitrators. He, as surety, was bound by the building contract, and to the submission in so far as it was authorized and required by the building contract, but could he be further bound? It is true, that as sub-contractor and lienor his

rights are dependent upon the rights of the contractor; that he was merely subrogated to the extent of his claim to any claim that the contractor had against the owner, and could recover nothing further of the owner; that his lien attached only to the amount due or to become due on the contract, and if there is nothing due or to become due from the owner to the original contractor, there is nothing upon which the lien would attach. But is the award evidence against the plaintiff, or is the plaintiff estopped because of the award? There are a class of authorities, which hold that in the sale of property, the seller is bound to defend his title thereto against the claims of third parties, and where action is brought by such parties against the purchaser, the seller, if he has notice of the action, will be bound by the adjudication. (*Blasdale* v. *Babcock*, 1 Johns., 517; *The Village of Seneca Falls* v. *Zalinski*, 8 Hun, 571.)

But the general rule is that judgments bind only parties and their privies, unless there is express covenant that the person shall be bound by the judgment, as in case of undertakings given under the provisions of the Code, wherein the surety stipulates to pay the damages awarded by judgment, etc. The distinction between such cases is sufficiently pointed out in the case of *Thomson* v. *MacGregor* (81 N. Y., 592-597). (See, also, *Jackson* v. *Griswold*, 4 Hill, 522; *People ex rel. Tuthill* v. *Russell*, 25 Hun, 524; *Thomas* v *Hubbell*, 15 N. Y., 405.) True, the plaintiff is not seeking to maintain his action as surety; he is seeking to establish his lien instead. But if a surety is not bound by the determination, we fail to see why a lienor should be. Upon the filing of his claim the statute gives him a lien to the extent of the amount due or to become due upon the contract. It, in effect, operates as an assignment of so much of the contractor's claim and the contractor, as such, cannot, after the filing of such claim, enter into any agreement, make any admissions or do any act that will impair or defeat the lien so acquired. We, therefore, conclude that the plaintiff was not bound by the award in so far as it determined the damages for the delay, it not being stipulated in the building contract that that matter should be submitted to arbitrators.

A large mass of evidence was taken upon the subject of delays in completing the work. The referee has found, as a fact, that there were ninety days' delay in the entire completion of the work, fifty which arose from the acts or default of Dieffenbacher or the plaintiff.

This finding is severely criticised by the appellant and it is claimed that the delay was greater than that found. But this finding cannot be very material if the referee is correct in his conclusion that the appellant had waived any claim for damages by reason of the non-completion of the work within the time specified in the contract. This conclusion is based. upon the facts which were also found by the referee to the effect that the delay was occasioned in part by the plaintiff not furnishing the materials needed as the work progressed, in part by alterations and additions made by the owner and contractor, and in part by delay on the part of other contractors having in charge work other than carpenter work; that, exclusive of the delay occasioned by the plaintiff, the complete performance of the work contracted to be done by Dieffenbacher, within the time fixed by the written contract, was rendered impossible by the acts of the owner and of other contractors and employes; that certain parts of the work required to be done by Dieffenbacher was to such an extent dependent upon work to be done by other contractors and the owner, the delay in the latter work caused delay in the former, and that there was delay in the latter work; that payments were made after the time had expired for the completion of the work, under date of December 18, 1884, $523.25, and December 20, 1884, eighty-one dollars and twelve cents; that, subsequent to the making of the building contract, and during the progress of the work, the owner made alterations therein and additions thereto, which involved additional expense and labor on the part of Dieffenbacher, to the amount of $118.60. Under these findings the referee properly concluded that the appellant waived its claim for damages for non-completion of the work. (*Stewart* v. *Keteltas*, 36 N. Y., 388; *Weeks* v. *Little*, 89 id., 566; *Doyle* v. *Halpin*, 33 N. Y. Supr. Ct., 352–365; *Gallagher* v. *Nichols*, 60 N. Y., 438.)

It is claimed that these findings are not supported by the evidence. We have carefully read the evidence appearing in the appeal book, and have reached the conclusion that the finding is not so clearly against the weight of evidence as to justify this court in interfering. It consequently follows that the judgment must be affirmed, with costs.

BARKER, P. J., BRADLEY and DWIGHT, JJ., concurred.

Judgment affirmed, with costs.