WILLIAM H. DANNAT et al., Respondents, *v.* NORMAN J. FULLER, Appellant.

Where one party to a contract demands a strict performance as to time, he must perform, on his part, all the conditions requisite to enable the other party to perform his part, and a failure to do so operates as a waiver of the time provision.

Defendant agreed to construct and set up, on plaintiffs' premises, a circular sawing machine or mill within thirty days after April 20, 1881, the date of the contract; plaintiffs agreed to furnish the labor of one wood-working mechanic, and to furnish the necessary timber for foundations and other wood-work. The mill arrived at the nearest railroad station to plaintiffs' premises May 30, 1881, and, within three or four days, was drawn by their teams to its destination. The foundation for the mill was at that time constructed, except the timbers for the superstructure on which the mill was to rest had not been provided. Defendant's agent, at plaintiffs' request procured these timbers, but twelve days elapsed before this could be done. While the mill was being erected the mechanic furnished by plaintiffs was absent for some days. In an action to recover damages for the non-completion of the mill within the time specified, defendant requested the referee to find that the parties, by their acts, waived performance as to time; this was refused. *Held*, error; that plaintiffs' failure to perform operated as a waiver, and defendant had the right to perform on his part within a reasonable time after performance by plaintiffs.

(Argued March 5, 1890; decided June 10, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made January 11, 1887, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts are sufficiently stated in the opinion.

*John D. Kernan* for appellant. The unanswered letters of July twenty-first, twenty-third, thirtieth and of August eighth, were improperly admitted. They were not part of the transaction in such sense as to make them admissible. (*Tillotson* v. *Learned*, 97 N. Y. 1.) A broader rule of damages was permitted than can be fairly supposed to have entered into

the contemplation of the parties. (*Cassidy* v. *LeFevre*, 45. N. Y. 562.) After having seen one large log sawed, the witness was asked to state his opinion as to a fact which, under the contract, was to be determined by actual tests, which were had, and as to which there was much evidence before the referee. This evidence was incompetent. (*Ferguson* v. *Hubbell*, 97 N. Y. 507; *Carpenter* v. *E. T. Co.*, 75 id. 575; *Van Zandt* v. *M. B. L. Co.*, 55 id. 169; *Hart* v. *H. R. B. Co.*, 84 id. 60; *Gutwiller* v. *Zuberbier*, 41 Hun, 361; *Nichols* v. *White*, 10 N. Y. R. S. 802.)

*Henry W. Bentley* for respondent. There is no certificate that the case contains all of the evidence, and the court will, therefore, assume that there was sufficient evidence to sustain the findings. (*Spence* v. *Chambers*, 39 Hun, 193; *Porter* v. *Smith*, 107 N. Y. 531; 35 Hun, 118.) The findings of the referee in favor of the plaintiffs, being upon evidence both contradictory and admitting of contradictory inferences, must control, and being fully sustained by the evidence, are conclusive. (*Sterling* v. *Harrison*, 65 N. Y. 561; *Sherwood* v. *Hauser*, 94 id. 626; *Baird* v. *Mayor*, 96 id. 567.) The rule of damages applied by the referee was correct. (*Freeman* v. *Clute*, 3 Barb. 424, 426; *Cassidy* v. *LeFevre*, 45 N. Y. 562; *Griffin* v. *Colver*, 16 id. 489; *Rogers* v. *Beard*, 2 How. Pr. 98.) The experience of the various witnesses who ran the mill in question, as practical sawyers and operatives of sawing mills, fitted and qualified them to testify as to how the mill worked when they ran it respectively, and to locate and indicate its faults and imperfections, and the rulings of the referee as to their evidence were not error. (*Curtis* v. *Gano*, 26 N. Y. 426; *Scattergood* v. *Wood*, 79 id. 263.) The evidence of Stewart admitted out of order, for the purpose of contradicting Gates, a proposed witness for the defendant, to save recalling, at a future day during the progress of a trial pending from April, 1884, to December, 1885, the witness, who resided out of the state, on promise to make competent, was. allowable in the discretion of the court. (*Baylis* v. *Cock-*

*roft,* 81 N. Y. 363 ; *Place* v. *Minister,* 65 id. 89.) The objections and exceptions taken to the admission in evidence of the correspondence between the parties were not well taken. (*Austin* v. *Holland,* 69 N. Y. 571 ; *Howard* v. *Daly,* 61 id. 362.) The record of the amount of sawing done on the mill in question, shown by the tickets in evidence, was entirely competent. (*Logan* v. *R. R. Co.,* 13 Wkly. Dig. 335 ; 91 N. Y. 145.) The objection that the witness had been temporarily in the state and within the jurisdiction of the court was not well taken. (*Hedges* v. *Williams,* 33 Hun, 546 ; *Wright* v. *Cabot,* 89 N. Y. 570.) The objection that witness failed to fully answer material cross-interrogatories should have been raised before trial by motion to suppress, and was not ground for excluding the deposition at the trial. (61 N. Y. 564 ; 63 id. 77 ; 7 Hun, 458 ; 69 N. Y. 133 ; 70 id. 54 ; 55 id. 465.) The plaintiffs never accepted the mill, nor waived performance of any of the conditions of the contract. (4 N. Y. 360 ; 40 id. 264, 266.) Permitting completion, much less attempts to complete, after the time for performance had expired, did not forfeit the right to damages for breach as to time. (*Ruff* v. *Rinaldo,* 55 N. Y. 664.)

HAIGHT, J. This action was brought to recover damages for the alleged failure of the defendant to perform his contract within the time specified for the constructing and setting up on plaintiffs' premises of a circular sawing machine or mill.

The defendant had entered into an agreement with the plaintiffs in which he had agreed within the space of thirty days next after the date thereof to construct and set up, upon the plaintiffs' premises, a circular sawing machine, complete in every respect, according to the specifications embraced in the contract, with the capacity of sawing 10,000 feet of lumber from ordinary logs in ten consecutive hours, for the price of $920, payable in six months from the completing and proving of the mill. The plaintiffs agreed to furnish the labor of one wood-working mechanic, whose labor was to be performed under the direction of the defendant or his agent, and also to

furnish the necessary timber for foundations and other wood-work, together with the nails and screws for the same. The contract was in writing, signed in duplicate, dated April 20, 1881.

The referee found as facts that the mill arrived at Glendale, the nearest railroad station to the plaintiffs' premises, about May 30, 1881, and was, within three or four days thereafter drawn to the plaintiffs' premises by their teams; that when the mill had arrived the plaintiffs had constructed the foundation for the mill, excepting that they had not provided the timbers for the superstructure on which the mill was to rest, and so stated to Singer, the defendant's agent, requesting him to go with their team and servant to a lumberman some five miles distant and procure the timbers; that Singer consented and went for the timbers, but that it was some twelve days before he could procure to be delivered the lumber required for that purpose, and that during the erection of the mill the wood-working mechanic of the plaintiffs was called from the work of assisting Singer for a few days; that the plaintiffs' neglect to transport the mill from the station to their manufactory, where it was to be set up, necessarily delayed the defendant four days, and the failure to furnish timber for the mill to rest on, and their wood-working mechanic being called away from the work, necessarily delayed the defendant twenty-six days more in the construction of the mill, making in all thirty days. He further found that the mill was never completed so as to perform the requirements of the contract, and that on the 26th day of August, 1881, the plaintiffs gave notice to the defendant that they rejected the mill. He further found as a fact that the rental value of the mill during the period was $25 per day, and as a conclusion of law, that the plaintiffs were entitled to recover damages for the non-completion of the mill within the time specified in the contract for fifty-four days, amounting to the sum of $1,350, with interest thereon from the date that the mill was rejected. An exception was taken to this conclusion of the referee. The defendant requested the referee to find as a fact that the plaintiffs did

not perform the contract on their part as to time; that the parties waived such performance by their acts, which request was refused and an exception taken by the defendant.

Assuming, as is claimed by the plaintiffs, that time was the essence of the contract, it distinctly appears that the mill could not be placed in position until the foundation timbers had been furnished and the structure upon which the mill was to rest completed. The performance of this part of the contract on the part of the plaintiffs was required before the defendant could proceed and complete the contract on his part. It is a well-settled rule that where one party demands strict performance as to time by another party, he must perform on his part all the conditions which are requisite in order to enable the other party to perform his part, and a failure on the part of the party demanding performance to do the preliminary work required in order to enable the other party to complete his within the time limited, operates as a waiver of the time provision in the contract. (*Stewart* v. *Keteltas*, 36 N. Y. 388; *Grube* v. *Schultheiss*, 57 id. 669; *Gallagher* v. *Nichols*, 60 id. 438; *Weeks* v. *Little*, 89 id. 566; *Cooke* v. *O. F. F. U.*, 49 Hun, 23; *Williams* v. *Shields*, 30 N. Y. S. R. 556; *Mulholland* v. *Mayor, etc.*, 22 id. 347; 113 N. Y. 631; *Beinhauer* v. *Gleason*, 15 N. Y. S. R. 227, 234; *Doyle* v. *Halpin*, 1 J. & S. 352, 365; *Board of Water Comrs.* v. *Burr*, 3 id. 522.)

It consequently appears to us that the failure of the plaintiffs to perform on their part operated as a waiver of the performance of the contract as to time, and the defendant consequently had the right to perform his part of the contract within a reasonable time after the plaintiffs had completed their part. The allowing of the defendant thirty days additional time in which to complete the contract, as was done in this case by the referee, does not restore the provisions of the contract which had been waived. It was, in effect, the making of a new contract for the parties by the referee. The defendant having contracted to do this work within a specified time, was bound to have his servants and employes on hand ready to perform within that time. He had the right

to assume that the plaintiffs would perform on their part, and, therefore, could properly contract with other parties for the time of himself and employes for any future time not covered by his contract with the plaintiffs. They could not prevent his performance by delays on their part for even a greater period than that specified in the contract in which he was to perform, and then require him to proceed immediately, for this would require him to do the work at another time than that named in the contract, and when he might be under obligations to other parties.

That the conclusion of the referee is unsound and operates unjustly to the defendant is apparent from a brief consideration of the facts as found. Under the contract the defendant was to put the mill up within thirty days from the date of the contract, which was April twentieth. The referee allowed him thirty days additional time, which would take it to June twentieth, and yet the plaintiffs did not have the foundation or structure on which the mill was to be placed ready until thirty days after the thirtieth of May, or until July first. And yet the referee has charged the defendant at the rate of $25 per day from the twentieth day of June for not having the mill set up and ready for use on that day.

Again, the conclusion of the referee that the plaintiffs were entitled to recover for fifty-four days is not sustained by the facts as found. As we have seen, an exception was taken to this conclusion. The thirty days delay on the part of the plaintiffs occurred after the mill arrived on the thirtieth day of May. This would take it to the first of July. The plaintiffs in their letter to the defendant of April eleventh, in stating their understanding of the contract, say that they understood that the defendant could finish the mill in three weeks and could set it up in ten days thereafter. It thus appears that the defendant required ten days in which to place the mill in position ready for work. If the foundation was not ready until the first of July, he had ten days thereafter in which to set it up, and by making allowance for an intervening Sunday and one holiday would bring it to July

twelfth, the day on which it was in fact reported ready for use, and the day on which the first trial of the mill took place. From this date to the twenty-sixth of August, the date on which the notice was given, deducting the intervening Sundays would be thirty-eight days, which would be the only time for which a recovery could be had upon the referee's theory of the case.

There is some evidence tending to show that the mill was used by the plaintiffs after they gave notice that they would not accept it. There is, however, no finding of fact as to the amount and extent of such use. We consequently do not consider the question before us for determination as to whether such use amounted to an acceptance of the mill by the plaintiffs and a waiver of the defects if any existed.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Brown, J., dissenting upon the ground that under the findings of fact made by the referee, the proposition discussed by Judge Haight is not available to the appellant in this court. The point is not made in the appellant's brief and was not argued orally and does not appear even to have been raised in the case.

All concur, except Brown, J., dissenting, Bradley, J., not voting and Follett, Ch. J. not sitting.

Judgment reversed.