METROPOLITAN LIFE INS. CO. v. STANDARD NAT. BANK.

(Supreme Court, Trial Term, New York County.  April 18, 1899.)

1. CONSTRUCTION OF LEASE—BOND.

The rent a bank was to pay was to depend on the deposits made by the landlord.  Subsequently, on condition of the landlord keeping a specified deposit, the bank agreed to pay a certain rental for the remaining four years of the lease; and for two years did so, when it went into voluntary liquidation, thus preventing the landlord from continuing his deposit.  *Held*, that the landlord was entitled to same rate of compensation during the balance of the term.

2. SAME—DEFENSE—PLEADING.

The bank could not interpose the defense that the landlord withdrew his deposit below the agreed sum before the liquidation, without pleading it.

Action by the Metropolitan Life Insurance Company against the Standard National Bank. Judgment for plaintiff.

Ritch, Woodford, Bovee & Wallace, for plaintiff.
William Hildreth and Field & Deshon, for defendant.

McADAM, J. The lease specially provides that the tenant hires the premises for the term of five years from May 1, 1895, for use as "a bank," and by its subsequent provisions it is made manifest that the plaintiff was to make and the defendant receive during the entire continuance of the lease whatever deposits the plaintiff saw fit to make; the amount thereof during each year to regulate the rental for such year. On July 10, 1896, in consideration that the plaintiff should deposit $25,000 in addition to $25,000 which the plaintiff then had on deposit with defendant, the latter agreed that the rent for the balance of the term of the lease should be $8,000 per year, payable in equal monthly installments. The plaintiff thereafter deposited with the defendant $25,000 in addition to the previous amount, aggregating $50,000, as agreed; and the defendant from July 10, 1896, up to April 1, 1898, paid rent monthly at the rate of $8,000 a year. The defendant went into voluntary liquidation in April, 1898, and ceased to transact business thereafter, whereby the deposits of the plaintiff could not be continued. The defendant by its own act in this manner prevented further performance by the plaintiff of the condition precedent, and cannot claim exemption from liability, agreeably to the elementary rule that a party who disables himself from performing his contract thereby waives the performance of acts by the other which but for such disability he would be bound to perform as conditions precedent to a recovery on the contract. Woolner v. Hill, 93 N. Y. 576; Hawley v. Keeler, 53 N. Y. 114; Niblo v. Binsse, 3 Abb. Dec. 375; Dannat v. Fuller, 120 N. Y. 554, 24 N. E. 815; Haden v. Coleman, 73 N. Y. 567; Crist v. Armour, 34 Barb. 378. If it be claimed that the defendant by its answer intended that the plaintiff withdrew its deposit below $50,000 before the defendant disabled itself from performance of its duty under the agreement, that fact should have been made to appear; for, having paid $8,000 rent from July, 1896, up till April 1, 1898, this condition inferentially continued, and it was for the defendant to allege that it had terminated, so as to create an issue at once intelligible. See Cruger v. Railroad Co., 12 N. Y. 201; Beach v. Bay State Co., 10 Abb. Prac. 71.

The plaintiff is entitled to judgment for the amount claimed, to wit, the rent from April 1, 1898, to September 1, 1898, and the undisputed item of $60 for janitor service.