## CONTRACT ENTIRE THOUGH GOODS WERE TO BE SHIPPED IN INSTALLMENTS.

Circuit Court of Cuyahoga County.

HERMAN B. VAN CLEVE v. WESTERN GLASS & PAINT CO.*

Decided, June 15, 1906.

*Contracts—When Entire or Divisible—When Condition as to Time Waived.*

1. A contract for a gross amount of goods to be delivered within a certain time after specifications are received is an entire contract although the parties may contemplate shipping in installments.
2. Where one party to a contract demands strict performance as to time, he must perform on his part, and a failure to do so operates as a waiver of the time provision.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The plaintiff brought this action to recover damages for breach of contract between the parties for the sale and delivery of glass, and the plaintiff alleges that he sold the glass to the defendant, but that the latter refused to accept and pay for it. Certain letters are attached to the petition as exhibits and are said to contain the contract between the parties.

The defendant answered, admitting the offer of defendant to sell, and that the letters attached to the petition were written

---

*Affirmed without opinion, *Western Glass & Paint Co.* v. *Van Cleve*, 78 . Ohio State, 427.

and received by the parties, but claiming a conditional accept-
ance, as exhibited by a telegram and letter of another date from
defendant to plaintiff.    This letter is attached to the answer as
an exhibit.    The condition claimed was that the glass was to be
delivered during the month of December, or within ninety days
thereafter, and the defense is, that this condition was not
complied with.    A stipulation signed by the plaintiff and filed
in the case, admitted the receipt by plaintiff of said telegram and
letter of the defendant.

The cause coming on to be heard before the trial court, a jury
was waived and thereupon the defendant objected to the intro-
duction of any evidence under the petition.

The bill of exceptions shows that thereupon the court con-
sidered the pleadings and the several letters and telegram
referred to and the stipulation as exhibiting the conceded facts
in the case and construing the contract thereby shown, ruled
with the defendant and dismissed the petition.

We think that the trial judge was warranted in disposing of
the case summarily, as he did, but that he came to a wrong
conclusion as to the terms of the contract as shown by the con-
ceded facts.

A short synopsis of facts is necessary, that the reasons for
the conclusion we have arrived at may be made plain.

November 20, 1903, plaintiff wrote defendant, "would quote
you 500 or 1000 boxes of window glass and not to exceed 1500
boxes,  *  *  ·*  you to name the definite quantity, specifica-
tions to be in at your convenience up to December 31st, and ship-
ment to be made within sixty to ninety days thereafter at the
factory convenience.    By the end of December you should know
just how complete or incomplete your stock is, and as we are
taking advantage of the present conditions to book considerable
business ahead, it will be no hardship to us if we know just what
we are to ship, and have the specifications to work to."

Telegram from defendant to plaintiff November 25, 1903:

"Will take 1000 boxes offer 20th.    Want one car December
shipment, sizes immediately," followed by letter of the same
date, confirming telegram and adding:  "We have sizes in the

mail on the way now from one of our customers for a car which, if satisfactory when received, we will forward to you. This car we would like to have shipped during December and the rest of it can forward at your leisure. We trust this arrangement will be satisfactory.''

Thus a contract was entered into between the parties, whereby plaintiff agreed to sell and defendant agreed to buy 1,000 boxes, about two carloads, of window glass. It will be noticed that defendant was to furnish specifications as to sizes, and upon receipt of same, plaintiff was to fill the order and could not do so until said specifications were received.

But this contract, we hold, was rescinded and a new contract entered into, by letter from defendant to plaintiff dated December 8, 1903, as follows:

''When we telegraphed you, we had an order for a car of glass to go west, and we were advised by wire that the sizes were in the mail. It seems they did not mail them until some time after, and they have not yet reached us. However, we will take one thousand boxes as per your offer, and presume that it makes no difference to you whether the sizes are furnished immediately or not.''

The construction to be put upon this contract is that plaintiff agreed to sell one thousand boxes of window glass to be shipped within ninety days after receipt of specifications from the defendant, and defendant agreed to receive and pay for one thousand boxes, if shipped within ninety days after it had furnished specifications therefor. It was an entire contract for one thousand boxes.

It is conceded that the defendant furnished specifications as follows: December 22, 1903, for 500 boxes, or one carload; January 1, 1904, for five boxes; January 5, 1904, for thirty-three boxes; January 17, 1904, for five boxes, being 543 boxes in all, which plaintiff did not undertake to ship until April 6, 1904, more than ninety days after December 31, 1903, and for that reason defendant refused to accept. Defendant has never furnished specifications for the remaining 457 boxes which it agreed to take.

Considering this contract an entire one, for one thousand boxes, plaintiff was under no obligation to ship any part thereof, until he received specifications for the entire lot. The fact that he did send forward about half of the order was gratuitous on his part, and does not affect the construction to be put upon the contract.

The defendant, by its letter of December 8, 1903, ordered one thousand boxes, as per your offer. That offer was to ship in ninety days after receipt of specifications. The condition in the defendant's letter of November 25, 1903, that one carload should be shipped during December, was abandoned.

If we are right in our conclusion that this was an entire contract for one thousand boxes, it seems that it was the defendant's delay in furnishing specifications which caused plaintiff's delay in shipping, and that the defendant therefore may not allege delay in shipping as a defense for his refusal to accept and breach of contract.

The case of *Dannot* v. *Fuller*, 120 N. Y., 554, involved a building contract, the owner suing the contractor for delay and the contractor claiming that his delay was due to the owner's fault, and the court said:

"Where one party to a contract demands a strict performance as to time. he must perform on his part the conditions requisite to enable the other party to perform his part and a failure to do so operates as a waiver of the time provision."

This is a wholesome doctrine and was applied in the case of *Supply Co.* v. *Cement Co.*, 4 C.C.(N.S.), 225, where the cement company agreed to sell 15,000 barrels of cement and to deliver the same from time to time during the season, as the supply company might require, payments to be made for each delivery within sixty days from date of each bill of lading. Some deliveries were made, but the supply company not paying therefor as agreed, the cement company refused to make further deliveries until such payments were made. The court, Judge Mooney, now deceased, delivering the opinion held that the contract was an entire one, though of an installment nature, and cited the authorities on the proposition we turn this case upon.

We think the court below erred in dismissing the petition, and for that reason the judgment is reversed and the cause remanded for a new trial.