THE PITTSBURG BRIDGE COMPANY, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

St. Louis Court of Appeals, February 23, 1909.

1. BUILDING CONTRACT: Forfeiture: Breach of Condition by Owner: Prima-Facie Case. In an action for the balance due on a building contract where the defendant filed a counterclaim on a provision of the contract for a forfeiture of fifty dollars per day for every day the completion of the structure should be delayed beyond a time specified, and where it was further provided in the contract that the owner should complete the foundation so that the contractor could begin the work on the building thirty days before he was required to complete it, and on failure to do so the time of completion by the contractor should be extended as many days as the completion of the foundation was delayed, the evidence is examined and held sufficient to justify a finding that the foundation was not completed by the owner until long after the time the contractor was required to complete the building.

2. ———: ———: ———: Case. Where the owner in such case demanded a strict performance of the building contract by the contractor and claimed a forfeiture for the failure to perform by the contractor, he should show a strict performance on his own part, and where he failed to have his foundation ready in the time provided in his contract so that the contractor could begin the erection of the building, he waived a strict performance of the contract by the contractor, but for the stipulation extending the time of completion.

3. ———: ———: ———. In such case the contract provided that the owner should have the foundation ready on July 15 and that the contractor should complete the building by August 15, and it was shown the foundation was not completed at the time required and that the owner notified the contractor on August 24 that the foundation was ready. The contract further provided that if the foundation was not ready in the time mentioned, the contractor should have ten days' notice when it was ready. *Held*, the contractor's per diem forfeiture did not begin to run until the expiration of ten days from the 24th day of August and thirty days thereafter, or forty-nine days from the time the contract required him to finish the building.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

AFFIRMED.

*Glenby B. Arnold* for appellant; *Boyle & Priest* of counsel.

The court erred in finding that there were only thirty-seven days of the admitted eighty-six days' delay in the final completion of the work by the plaintiff for which it was responsible under the terms of the contract, because the evidence does not show that the defendants' failure, if any, to comply with the strict letter of the contract caused plaintiff even a day's delay in the performance of its part of the work within the time prescribed by the contract. Stewart v. Keteltas, 36 N. Y. 388; 7 Am. and Eng. Ency. of Law, 154.

*Abbott & Edwards* for respondent.

The contract in this case inflicting a penalty of fifty dollars per day for each day's delay, is to be strictly construed in determining the number of days chargeable against the plaintiff. Blaine v. Publishers; Geo. Knapp & Co., 140 Mo. 251; Meyer v. Christopher, 176 Mo. 594; Richardson v. Railroad, 149 Mo. 323. The foundations and walls were not ready on July 15, 1899, as the contract required. Notice of the completion

thereof was not given by defendant until August 24th. The completion of the work by plaintiff must be reckoned from September 3, 1899, making an extension under the contract of forty-nine days. But if the time for the completion of the work is to be reckoned from August 24, 1899 (instead of September 3, 1899), the day on which the foundations were to be completed and ready for the iron work, plaintiff's time for completing the work would be extended thirty-nine days on account of the non-completion by defendant of the foundations and walls, as provided by the contract. Hence, in either view, the ruling of the court that plaintiff was to be charged with only thirty-seven of the eighty-six days' delay was correct. Eldridge v. Fuhr, 59 Mo. App. 51.

NORTONI, J.—This is a suit by a contractor for the balance due on a building contract. The contract contained a provision to the effect that if the work was not completed by the fifteenth day of August, the defendant owner should be entitled to fifty dollars per day as liquidated damages for delays after the date mentioned. It appears that the plaintiff's claim is conceded. The defendant counterclaims for the amount of $4,300 alleged to have accrued to it as liquidated damages because of eighty-six days' delay, after August 15th, in completing the building.

The cause was tried before the circuit court without a jury. Plaintiff recovered the full amount sued for. The court found, however, for the defendant on the counterclaim to the extent of thirty-seven days' delay, and on account of such delay, diminished plaintiff's claim at the rate of fifty dollars per day, in all $1,850. From this judgment the defendant appealed to the Supreme Court. That court determined it was without jurisdiction in the premises and therefore certified the cause here. The reasons therefor will appear

by reference to Pittsburg Bridge Co. v. St. Louis Transit Co., 205 Mo. 176, 103 S. W. 546.

It appears from the written contract in evidence that the plaintiff agreed and undertook to furnish the steel and iron, and to erect a structure for an engine-room, pump-room and boiler-house for defendant, in the city of St. Louis. Plaintiff agreed to complete the work by the 15th day of August, while among other things, the defendant agreed on its part to erect and complete the foundations for the buildings by the 15th day of July. It is also stipulated, in event the foundation walls were not completed on July 15th, the plaintiff should have an extension of time for the completion of the work on its part, equal to the number of days the defendant was in arrears in completing the foundation walls. And, further, if defendant failed to complete the foundations by the 15th day of July, it would notify the plaintiff contractor when completed, at least ten days before it should be required to proceed with the work on its part.

As before stated, the contract contained a stipulation for liquidated damages in the sum of fifty dollars per day for each and every day the plaintiff was in default after August 15th, in completing the work. It was admitted on the trial that the plaintiff was eighty-six days in default when the work was finally completed. There is no controversy whatever about this matter. The entire controversy in the case arises with respect to whether or not there was just cause shown for forty-nine days of the delay. As before stated, the circuit court found that although the plaintiff consumed eighty-six days beyond the time limit to complete the work specified in the contract, it was justified to the extent of forty-nine days' delay because of the default of the defendant in completing the foundation walls and the consequent ten days' notice due plaintiff under the contract before it was required to proceed with its work. The argument advanced on behalf of defendant

is to the effect that it does not appear the delay on its part actually contributed to and rendered the delay essential on the part of the plaintiff, and therefore there was no just cause shown sufficient to release the plaintiff from its obligation to complete the contract within the time limited therein; that is, by August 15th. It is true there was slight evidence to the effect that defendant had discharged its obligation by sufficiently completing the foundations on July 15th for plaintiff to proceed with its work. Be this as it may, plaintiff's agent in charge of its work in St. Louis gave direct and positive evidence to the effect that the foundation walls were not completed and ready to receive the iron structure to be erected by plaintiff until long after that date. In fact, we think the evidence is not only sufficient to support the finding of the court in that behalf, but it is convincing as well. The evidence of this witness tends to prove the foundations were not completed by defendant until nine days after plaintiff had agreed to complete the erection of the iron and steel structure thereon. On August 24th defendant's agent notified plaintiff's agent, under the terms of the contract, to the effect that the foundation walls were then complete and ready to receive the iron and steel work. This notice was transmitted in the form of a letter, found in the record. It appears to be conceded that this was the first and only notice given by the defendant to the plaintiff as to the completion of the foundation walls. The credibility of the witnesses and the weight and value of their testimony is a question exclusively for the trial court. With this, we are not concerned. If there be substantial evidence in support of the finding of the court, it is sufficient. There is indeed substantial evidence on this question. The contract required the defendant to complete the foundations by July 15th. In those cases where the contract contains no stipulation for an extension of time, it is a well-established rule that where one party demands strict performance

of the contract as to time, by another party, the party
making the demand must perform all of the conditions
on his part which are requisite in order to enable the
other party to perform his part, and a failure on the
part of the party demanding peformance to do the pre-
liminary work, such as erecting a foundation, to enable
the other party to complete his work within the limit,
operates as a waiver of the time provisions in the con-
tract.  [Dannat v. Fuller, 120 N. Y. 554; Eldridge v.
Fuhr, 59 Mo. App. 44; 30 Amer. and Eng. Ency. Law
(2 Ed.), 1255, 1256.]  Hence we see but for the provis-
ion assuring an extension of time upon defendant's de-
fault in building the foundation, the time limit would
have been entirely waived and the usual obligations of
a reasonable time imposed upon the contractor instead.
In that case no liquidated damages could be awarded.
It appears then, the only claim for liquidated damages
the defendant may assert is for those days the plaintiff
was in default beyond the time extended because of de-
fendant's default.  If not opposed to good morals or
public policy, the contract between the parties fur-
nishes the rule by which their respective rights are to
be determined.  [O'Keefe v. St. Francis Church, 59
Conn. 551.]  The parties in the present instance clearly
contemplated a possible default on the part of the de-
fendant in providing the foundations by July 15th, and
have, in express terms, stipulated as to their rights in
that event.  They provided that if the foundation walls
were not entirely completed and ready for the iron
work at the time agreed, plaintiff should have an ex-
tension of time for the completion of the work equal
to the number of days the defendant should be in de-
fault with the foundation walls.  And they stipulated
as well that in event the defendant was in default in
completing the foundation, then it assumed the obli-
gation to notify the plaintiff at least ten days before it
should be required to commence to erect the structure.
Now these stipulations are reasonably just, for it is

certain that a contractor ought not to be mulcted in damages for failing to erect a structure upon a foun-. dation to be furnished by the other party before the foundation is completed. Such a contract involves an impossibility. And it is reasonable indeed, in event the owner has failed to furnish the foundation within the time prescribed, that the contractor should have reasonable notice of the completion of the foundation to the end that he may procure materials and labor to fulfil his part of the obligation. There is certainly no principle of justice upon which an owner can predicate its demand for a strict compliance with a contract on the part of the contractor without first complying therewith on its part. The right of defendant to demand a strict performance on the part of the plaintiff rests upon the precedent condition of performance on its part; and, therefore, until the defendant performed by completing the foundations and giving notice to that effect, as required, there was no obligation on the part of the plaintiff to proceed. [Florida, etc., Ry. Co. v. Southern Supply Co., 112 Ga. 1; Gleason v. United States, 33 Court of Claims Reps. 65.] Of course the plaintiff could not proceed to erect the superstructure of iron and steel until the foundations were laid, and the foundations were not completed until August 24th, or nine days after the plaintiff's time limit for completing the structure had expired. The contract having stipulated that plaintiff should have ten days' notice after completion of the foundation before it was required to proceed, this too, was a condition precedent imposed by the contract upon the defendant, and until the ten days' notice was given, its theretofore suspended obligation to proceed did not attach. [Devees v. Mayor of New York City, 60 N. Y. Sup. Court, 339; Dwyer v. Mayor of New York City, 34 N. Y. (App. Div.) 450.] The foundations were completed by defendant on August 24th. When we add to this the ten days' notice assured to the plaintiff under the contract,

it appears its time for commencing the work was thereby extended to September 3d; amounting in all to an extension of forty-nine days. There was certainly just cause for this delay. Such an extension was awarded by virtue of the provisions of the contract itself. The defendant's tardiness in erecting the foundation operated an extension of forty-nine days' time in which to complete the work.

The judgment will be affirmed. *Reynolds, P. J.,* and *Goode, J.,* concur.