■ WALTER SIGN CORPORATION, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 41571.) — Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: Claimant was awarded a contract on June 6, 1960 for the furnishing of 211 highway signs. The completion date was September 1, 1960. The contract provided that certain drawings and designs were to be approved by the State before the signs were fabricated. On July 26, 1960 drawings of ground mountings were submitted for State approval. They were not approved until October 26, 1960. In the interim the State extended the completion date to November 30, 1960. On November 17, 1960, thirteen days before the extended completion date, the State changed some of the specifications. No action was taken by the State to terminate the contract after November 30 and it approved drawing prints on February 8, 1961. At a meeting between the parties on February 27, 1961 the State summarily announced that the contract was terminated. Notwithstanding this action, the State one month later approved designs for certain signs. The Court of Claims held claimant solely responsible for the delays and dismissed the claim. The State, by its conduct in delaying approval of drawings, contributed to the delay in completion of the signs within the time specified. Its contention that some of the submitted drawings did not require State approval is inconsistent with the fact that the State after several delays did approve them and at no time notified claimant that approval was unneessary. The record demonstrates that claimant did not perform with as much expedition as it should have and must share some of the responsibility for the delays. However, when the State contributed to the delays by its laxity it could not insist upon strict or exact conformity with its time schedule. The Court of Appeals in *Dannat* v. *Fuller* (120 N. Y. 554, 558) enunciated the applicable principle "that where one party demands strict performance as to

time by another party, he must perform on his part all the conditions which are requisite in order to enable the other party to perform his part, and a failure on the part of the party demanding performance * * * operates as a waiver of the time provision in the contract". (See, also, *Bruson Hgts. Corp.* v. *State of New York*, 281 App. Div. 371.) The approval of some designs on March 27, 1961, one full month after the State terminated the contract, was tantamount to a waiver by acceptance of partial performance after the expiration of three time limitations (10 N. Y. Jur., Contracts, § 352; *Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324). Even though claimant could have been more diligent, the State was in large measure responsible for the delays and should not escape some liability for its tardiness (*Watson & Co.* v. *Graves Elevator Co.*, 202 App. Div. 10; *cf. Norelli & Oliver Constr. Co.* v. *State of New York*, 30 A D 2d 992). In view of the delays by both parties, the loss of profits, as urged by claimant, may not be the proper measure of damages. The applicable formula for damages can only be determined after a new trial and a fuller development of the proof as to responsibility of each of the parties for the delays. (Appeals from judgment of Court of Claims dismissing claim.) Present — Bastow, P. J., Goldman, Marsh, Witmer and Henry, JJ.