■ PHILIP ZWEIG & SONS, INC., Respondent, v TUSCARORA CONSTRUCTION Co., INC., et al., Appellants.—Judgment and orders unanimously reversed, on the law and facts, with costs, and a new trial granted. Memorandum: Defendants appeal from a judgment entered upon a jury verdict for the plaintiff in the sum of $215,250.65. Defendants contend that the trial court erred in its charge to the jury, resulting in the jury failing to consider their counterclaims. The action is on a subcontract under a construction contract for the State, plaintiff being a subcontractor of defendant Tuscarora Construction Co., Inc. (Tuscarora), the principal contractor. At trial, as the case went to the jury Tuscarora admitted that plaintiff had performed its contract, albeit belatedly, and was entitled to the sum of $169,181.51, plus interest, but contended that Tuscarora was entitled to substantial damages by reason of plaintiff's late performance which resulted in extensive additional costs and losses to Tuscarora; and Tuscarora claimed damages in excess of the amount which it admitted plaintiff had earned. The subcontract provided that performance of plaintiff within the time provided therein was of the essence, but gave special extension of time for performance in the event of delay caused by conditions beyond its control. Admittedly, plaintiff's performance was late. It claims that a substantial part of the delay was caused by the State and by Tuscarora. The extent of the delay, the reasons therefor and whether excusable presented questions of fact for the jury. Although plaintiff was late in its performance, Tuscarora accepted the work. For that reason plaintiff contended at the trial that Tuscarora had waived the delay and was not entitled to counterclaim for damages by reason thereof. The court charged the jury that if plaintiff's delay was not excused by law, plaintiff could still recover for the work it did and which was accepted by defendant Tuscarora, but that the latter could deduct any loss it incurred by reason of plaintiff's delay. The court added, "If the failure to fulfill the contract is excused, no damages accrue at all to the defendant. If it is excused by law, the failure of the plaintiff to perform pursuant to the contract, then no damages accrue to the defendant whatsoever". Defendant excepted to the charge and to the special questions submitted to the jury. The charge was confusing and erroneous. "Failure to enforce the right to terminate the contract promptly constitutes to that extent a waiver of the default, but we have repeatedly held that it constituted no waiver of the claim for damages" *(General Supply & Constr. Co. v Goelet,* 241 NY 28, 36; and see *Deeves & Son v Manhattan Life Ins. Co.,* 195 NY 324, 330). The charge virtually put Tuscarora out of court on its counterclaims for damages for plaintiff's delay, and hence there must be a new trial on those issues. Upon the new trial plaintiff should also have the right to prove that in fact Tuscarora, by its own failure to perform timely the preliminary work, waived any claim for damages by reason of plaintiff's delay (see *Dannat v Fuller,* 120 NY 554, 558; *Barnum v Williams,* 115 App

Div 694, affd 190 NY 539) and that it did complete the work within a reasonable time under the terms of the subcontract, in light of the completion date in the principal contract. (Appeal from judgment and orders of Erie Supreme Court in action to recover on building subcontract.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.