JOHN PHELAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

H., plaintiff's assignor, entered into a contract with defendant for regulating and grading one of its streets. By the contract, plaintiff agreed to complete the work in 320 days after its commencement, and in case of failure so to do, to pay inspectors' wages for excess of time employed. It was stipulated that in computing the time " the total time during which the work of completing the contract is delayed in consequence of any act or omission " of defendant, which, it was stated, should be determined and certified to by the commissioner of public works, should be excluded. The work was not completed in the 320 days and defendant retained the inspectors' fees for the extra time. In an action to recover, among other things, the amount so retained, plaintiff claimed that the work was delayed because of obstructions left by defendant on the street, and that it was completed within 320 days after their removal. *Held,* that by the terms of the contract it was a condition precedent to any right of the contractor to be relieved from the allowance of inspectors' fees, to have the matter submitted to and determined by the commissioner, and in the absence of proof that this had been done, or that the commissioner had been called upon but had neglected or refused to act, plaintiff could not recover.

Plaintiff also claimed to recover for damages sustained because of the defendant's delay in removing the obstructions. Upon receiving the final payment, plaintiff executed to the city a release of and from all actions, causes of action, damages, etc., which he had resulting or arising from the contract. *Held,* that the release was a good defense to the claim. Reported below, 22 J. & S. 523.

(Argued December 16, 1889; decided January 14, 1890.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 7, 1889, which overruled exceptions taken on the trial and ordered judgment for defendant on the verdict.

This action was brought by plaintiff, as assignee of the contractor, to recover a balance alleged to be due upon a contract made by defendant as party of the first part with Nicholas Haughton as party of the second part, for regulating, etc., One Hundred and Twelfth street from Madison avenue to Sixth avenue in the city of New York. Also, as a second

cause of action, to recover damages sustained by reason of delay in the work alleged to have been caused by the delay of defendant in removing obstructions upon the street which prevented the prosecution of the work. The contract contained this clause :

" Said party of the second part hereby further agrees that he will commence the aforesaid work on such day and at such place or places as said commissioner may designate, and progress therewith so as to complete the same in accordance with this agreement, on or before the expiration of three hundred and twenty days thereafter ; that the said number of days shall not be construed to mean consecutive days, but the aggregate time of all the inspectors who may be employed on the work ; and that in the computation of said time the total time aggregated in days or parts of days during which the work of completing the contract is delayed in consequence of any act or omission of the parties of the first part (all of which shall be determined by the said commissioner of public works, who shall certify to the same in writing), and also Sundays and holidays on which no work is done, and days on which the prosecution of the whole work is suspended by the said commissioner, shall be excluded.   *   *   *   And the said party of the second part hereby agrees that the said parties of the first part shall, and they are hereby authorized to deduct and retain out of the moneys which may be due or become due to the said party of the second part under this agreement as damages for the non-completion of the work aforesaid within the time hereinbefore stipulated for its completion, the sum which shall accrue and become due for the inspectors' wages for each and every day the aggregate time of all the inspectors employed upon said work may exceed the said stipulated time for its completion."

The defendants alleged and proved that the work was not completed within the three hundred and twenty days, but exceeded that time three hundred and seventy-five days, and in making the final payment the amount of the inspectors' fees for the extra time was deducted. Upon completion of the

work and receipt of the final payment plaintiff executed to the city an instrument by which he released and discharged the city in the following terms: " Of and from all and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law or in equity, which against them I ever had, now have or which my heirs, executors, administrators or assigns hereafter can, shall· or may have, for, upon or by reason of a certain contract or agreement made the 25th day of June, 1881, by and between John Phelan and N. Haughton and the said mayor, aldermen and commonalty of the city of New York, for regulating, etc., One Hundred and Twelfth street, from Madison avenue to Sixth avenue, or by reason of any matter, cause or thing whatsoever resulting or arising therefrom, from the beginning of the world to the day of the date of these presents," excepting, however, any legal claim which the plaintiff may have to the amounts deducted and withheld for excess of inspection.

*James A. Deering* for appellant. · The plaintiff is entitled to the balance of the contract-price. *Jones* v. *Judd,* 4 N. Y. 412; *McConihe* v. *N. Y. & E. R. R. Co.,* 20 id. 495; *Moses* v. *Bierling,* 31 id. 462; *Doyle* v. *Halpin,* 1 J. & S. 352; *Allaman* v. *Mayor, etc.,* 43 Barb. 33; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.,* 102 N. Y. 205; *Cross* v. *Baird,* 26 id. 88; *U. S.* v. *Muller,* 113 U. S. 153; *Weeks* v. *Little,* 11 Abb. [N. C.] 417.) The contract does not make the decision of the commissioner final and conclusive or binding upon the parties to this action. (*Bigler* v. *Mayor, etc.,* 9 Hun, 253; *Doyle* v. *Halpin,* 1 J. & S. 352.) The learned judge erred in directing a verdict for defendants upon the ground that, as plaintiff began the work immediately upon notification from defendants so to do, as required by the contract, such beginning was a waiver of any defense that the street was incumbered, and that he thereby absolved the defendants from any duty they theretofore owed him, under

the contract or in law, of removing from the premises any and all obstructions and impediments to the continuance and completion of the work so begun. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 N. Y. 205; *Starbird* v. *Barrows*, 38 id. 231; *Taylor* v. *Mayor, etc.*, 83 id. 625; *Ruff* v. *Rinaldo*, 55 id. 664; *Allamon* v. *Mayor, etc.*, 43 Barb. 38.) The learned judge erred in refusing to submit to the jury the question as to whether or not the delay in the performance of the work was caused by the acts, omissions or neglect of defendant. (*Gallagher* v. *Nichols*, 60 N. Y. 438; *Moses* v. *Bierling*, 31 id. 462; *Underwood* v. *F. J. S. Ins. Co.*, 57 id. 500; *Young* v. *Hunter*, 6 id. 204.) It was error to dismiss the complaint as to the "Second" cause of action upon the ground that the plaintiff had released it. That release did not affect a claim of this kind. (*Allamon* v. *Mayor, etc.*, 43 Barb. 39; *Miller* v. *Coates*, 66 N. Y. 610; *Ryan* v. *Ward*, 48 id. 204; *Redfield H. P. Co.*, 56 id. 354; *Board* v. *Guillard*, 60 id. 614.)

*D. J. Dean* for respondent. The fact that the shanty and the Polo Ground fence encumbered the street, furnishes no ground of action to the plaintiff, and does not excuse the delay, or entitle the plaintiff to recover for the amount charged against him for inspectors' wages. (*B. N. Bank* v. *Mayor, etc.*, 63 N. Y. 237; *Smith* v. *Brady*, 17 id. 176; *Butler* v. *Tucker*, 24 Wend. 447; *U. S.* v. *Robinson*, 9 Pet. 319; *Nolan* v. *Whitney*, 88 N. Y. 648.)

ANDREWS, J. The release was a good answer to the second cause of action alleged in the complaint, founded on the delay on the part of the city to remove the obstructions in the street, thereby preventing the plaintiff from proceeding with the performance of the contract. (*Seymour* v. *Minturn*, 17 John. 170; *Gray* v. *Barton*, 55 N. Y. 68; *Coulter* v. *Board of Education*, 63 id. 366; *Simson* v. *Brown*, 68 id. 355.)

The claim to recover the sum retained by the city for inspectors' fees for the 375 days beyond the 320 days allowed by the contract for the completion of the work, is based on the ground that performance was prevented by the neglect of the

city to remove the obstructions from the street.   The plaintiff requested the court to submit the question to the jury, which request was refused, and the plaintiff excepted.   There was no error in this ruling.   The contract provides that in computing the time exceeding the 320 days, the time " during which the work of completing the contract is delayed in consequence of any act or omission of the party of the first part (all of which shall be determined by the commissioner of public works, who shall certify the same in writing), and also Sundays and holidays on which no work is done, and days on which the prosecution of the work is suspended by the said commissioner, shall be excluded."   There was no determination by the commissioner of public works applied for or made under this provision.   The inspectors' fees were a proper charge under another provision of the contract, unless, according, to the provision quoted, the delay was occasioned by the act or omission of the city.   But by the terms of this clause it was a condition precedent to any right of. the plaintiff, to be relieved from the allowance of inspectors' fees, that the matter should have been submitted to, and determined by the commissioner of public works, and this was not done.   It was a lawful provision, and is an answer to the claim in the first count of the complaint.   If the commissioner had neglected or refused to act when called upon to do so, a different question would be presented. (*Smith* v. *Brady*, 17 N. Y. 176; *Bowery National Bank* v. *Mayor, etc.*, 63 id. 336 ; *Nolan* v. *Whitney*, 88 id. 648.)

The point that it was not proved that the inspector, Fitzgerald, who was paid for 304 days' inspection, had ever performed the work of inspection, is not presented by the case, as the deposition of Fitzgerald, which was read on the trial, is not printed, and this evidence may have supplied the proof which is now absent.

We find no error in the judgment, and it should, therefore, be affirmed.

All concur.

Judgment affirmed.