STRAWBRIDGE *et al. v.* VANDENBURGH.

*(Supreme Court, General Term, Third Department.* July 7, 1890.)

1. EVIDENCE.
   In an action to recover back an overpayment for cabbages delivered by defendant to plaintiffs, where the dispute is as to the number delivered, it is error to permit plaintiffs' witness to testify that defendant's man had told him that he did not draw cabbages on a certain day, when the fact whether he did or not is directly in issue.

2. SAME.
   It is error to refuse to allow a question whether plaintiff is sole owner of the claim, as that fact might affect his credibility.

Appeal from Rensselaer county court.

Action by William Strawbridge and others against George L. Vandenburgh, to recover back an overpayment for cabbages delivered plaintiffs by defendant. Judgment for plaintiffs. Defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*B. C. Strait,* (*N. C. Moak,* of counsel,) for appellant. *W. S. Kelley,* (*George L. Stedman,* of counsel,) for respondents.

LEARNED, P. J. This is an appeal from a judgment of the county court affirming a judgment of a justice of the peace. The action is to recover back $47, which sum is alleged to have been overpaid to defendant by plaintiffs for cabbages. The plaintiffs bought cabbages of defendant at $2 per hundred, and paid him on settlement $515, which sum was the amount which he claimed they owed him. Their contention now is that he claimed and received payment for 2,350 more than were in fact delivered. These disputed cabbages, if delivered at all, were delivered before October 25th. The plaintiffs claim that from October 25th onward defendant delivered 23,398. Adding to these the disputed cabbages, we have a total of 25,748, which, at $2 per hundred, would make a few cents less than $515. It is plainly proved that there was a dispute as to these 2,350 cabbages at the time of settlement, and that the defendant then claimed that he had drawn and delivered them prior to October 25th. The defendant says that on the settlement the plaintiff would allow only 100 cabbages for every 104 delivered. This is probably some custom of the trade. And he says that they settled the difference of the accounts on plaintiff's figures, at $515. The plaintiff Strawbridge also says that he settled with defendant, and paid him about $500. At any rate, it will be seen that a dispute as to 4 cabbages out of the 100 would make a difference of less than 1,000. So that such a dispute could not have amounted to the 2,350 cabbages, or to the $47 now claimed. Therefore that dispute is not what was settled by the parties, as plaintiffs claim on argument. In such cases as these, the appellate court is to decide according to the justice of the case. Code, § 3063. It is not so easy to say that the justice of the case is with the plaintiffs. There was a settlement, and there was a disputed question of fact, and a voluntary payment. There is no proof of any request

tc return the overpayment, if any overpayment existed. *Southwick* v. *Bank*, 84 N. Y. 420.

There are several errors. A witness was allowed to testify for plaintiff that Patrick McDonald told him he did not draw any cabbage that first day; that is, October 23d. That was a fact directly in issue. Charles Dexter, a witness for defendant, had testified that Patrick McDonald did draw a load that first day. The justice must have held that the testimony of Dexter was untrue, and may have been influenced by this hearsay story. There was another error in allowing witnesses to read from certain memoranda. The plaintiffs urge that, if this was error, it was immaterial, because those memoranda only showed the number of cabbages delivered on and after October 25th, while the issue relates to an alleged delivery before; and in that view the error does not seem to be important. Another error was in refusing to allow a question to plaintiff Strawbridge, when on the stand, tending to show that he was the sole owner of the claim. This might have affected his credibility. *Cady* v. *Bradshaw*, 116 N. Y. 188, 22 N. E. Rep. 371. These errors are slight, and, if we were satisfied as to the justice of the judgment, they might be disregarded. But there is so much doubt on the question of fact and on the right of recovery that we cannot disregard these errors. Where there has been a dispute on the fact, and the parties have settled their dispute, and one has paid accordingly, there should be very strong evidence to justify a recovery back of the money thus paid. Judgment of county court and justice of the peace reversed, with costs.