GOLDSTEIN *v.* WHITE *et al.*     GUREWITZ *v.* SAME.     OSTROWSKY *v.* SAME.

(*Common Pleas of New York City and County, General Term.* January 4, 1892.)

1. MASTER AND SERVANT—RIGHT TO COMPENSATION.
   In a contract to do work, whether measured by job or by time, the completion of the work is a condition precedent, which must be performed or waived, to entitle the servant to recover, unless there is a special agreement to the contrary.

2. SAME—APPEAL—WEIGHT OF EVIDENCE.
   Plaintiff, employed by the week, left on Tuesday, and brought an action for his wages for the preceding week. Defendants' books, which were unimpeached, showed a full payment for that week, and this was contradicted only by plaintiff's testimony, and by the fact that it was defendants' rule to hold back a week's wages as security for the faithful performance of the work on hand. *Held*, on appeal, that a finding for plaintiff must be reversed.

3. SAME—ADMISSIBILITY OF EVIDENCE.
   In an action to recover for work done by the job, defendants relied upon a system of tickets and accounts made out in the presence of the employes, which clearly showed the amount of work done each day. From these it appeared that on the morning of the day on which plaintiff quit work he had a very large amount of unfinished work on hand. *Held*, that a refusal to admit evidence of the usual amount of work done weekly by plaintiff, to show that it was impossible for him to have completed the work he had on hand, was error, for which a judgment for plaintiff must be reversed.

Appeals from fifth district court.

Actions by Barnet Goldstein against Mary H. White and others, by Barnet Gurewitz against the same defendants, and by Hyman Ostrowsky against the same defendants, for wages. The actions were tried together, and separate judgments rendered for each plaintiff, from each of which defendants appeal. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Lucien B. Chase,* for appellants. *Julius Levy,* for respondents.

BOOKSTAVER, J. The three actions were made returnable at the same time, and all were for wages. The answers were the same in each case, consisting of a general denial, and pleading payment, and failure of the plaintiff to perform conditions precedent. By consent the three actions were tried as one. Defendants were makers and sellers of women's clothes, doing business under the name of White, Howard & Co. Plaintiff Goldstein was employed by them by the week, and sued for pay for a week and a day and a half, amounting in all to $24.50. The other two plaintiffs were employed by the piece, and sue for work done, amounting in the case of Gurewitz to $46, and in the case of Ostrowsky to $37.

Unless there is a special agreement to the contrary, work, whether measured by the job (*Cunningham* v. *Jones*, 20 N. Y. 486; *Smith* v. *Brady*, 17 N. Y. 173; *Lawrence* v. *Miller*, 86 N. Y. 131) or by time, (*Waters* v. *Davies*, 55 N. Y. Super. Ct. 39,) must be finished, in order that there shall be a right to pay for it. In other words, there must be performance or a waiver of conditions precedent before there can be a right to recovery. *Phelan* v. *Mayor*, 119 N. Y. 86, 23 N. E. Rep. 175; *Avery* v. *Willson*, 81 N. Y. 341. The plaintiff Goldstein admits in his testimony that he left in the middle of the week. Consequently he could not recover anything for the portion of the week he worked unless there was a waiver of further performance on defendants' part. This was attempted to be shown on plaintiff's part by some evidence to the effect that Mrs. White, one of the defendants, discharged them; but the testimony on the defendants' behalf, we think, overwhelmingly confutes this, and shows that the real cause of the difficulty was an attempt to force the defendants to pay a disputed claim of another employe, by leaving their employ in a body. As to the week's wages prior to the week he left, it is true, he denies having received it; but defendants' books, which were in no wise impeached, show that he was fully paid up to the Saturday preceding his leaving; and that, although it is a rule of the defendants to keep back one week's wages as security for the faithful performance of the work by those employed by the week. These facts sharply called the attention of defendants' witnesses to the fact of payment, and we fail to see how they could have testified to the payment without being guilty of both falsifying their employers' books and committing perjury, neither of which are we willing to impute to them from anything appearing in the return.

The plaintiffs Gurewitz and Ostrowsky both swear that they had fully finished all the work given them by the defendants before they left on a Tuesday noon. But the defendants had a system of tickets, and a method of keeping accounts, by which it could be readily and accurately ascertained what work had been finished each day. Each night the book-keeper's duty was to learn what had been finished by each piece-worker during the day, and write it with the date upon a ticket in the workman's presence, and it is not probable that any workman would allow any error to pass uncorrected, as on its correctness depended his pay. All the tickets from the date of the last settlement in full with these two plaintiffs were offered in evidence on the trial, as were also the accounts between these parties. In addition to this, every Friday night the book-keeper got from each piece-worker a list of work then unfinished in their hands. Such a list was made from information furnished by plaintiffs on Friday, April 17th, preceding Tuesday, April 21st, when they all left. A comparison of the tickets, the accounts, and these lists show that seven garments were unfinished, and in Ostrowsky's hands, on the morning of Tuesday, the day he left, and that eight unfinished garments were in Gurewitz's hands. It seems to us quite improbable that all of these garments could have been finished in half a day. Besides, several witnesses on defendants' behalf positively testify that none of them were finished. Defendants' book-keeper was asked to state what the plaintiffs had earned weekly while in defendants' employment. This was objected to by plaintiffs' counsel, and the court sustained the objection. We think this error, in view of the extraordinary claim made by the two plaintiffs as to the work they must have done on Tuesday morning. The answer, partly given, shows that they must have accomplished more than three times the amount of work done in at least one week before, in half a day. Where, as in this case, it is uncertain which party should succeed, it was held in *Strawbridge* v. *Vandenburgh*, (Sup.) 10 N. Y. Supp. 610, that the court will reverse for slight errors, and we think that course should be followed in this case. Judgments reversed, and new trial ordered, with costs to appellants to abide the event.