(1 App. Div. 118.)

### MERRILL v. WAKEFIELD RATTAN CO.

(Supreme Court, Appellate Division, First Department. January 24, 1896.)

MASTER AND SERVANT—TERMINATION OF EMPLOYMENT.
    Prior to the formation of a new corporation, which took the New York
    business of defendant, a corporation of another state, plaintiff had been
    general manager of its New York office, with an annual salary. He be-
    came president and a director of the new corporation, to which offices no
    salary attached directly, but his old one continued in force, being paid by
    checks of the new company. On defendant's requesting his resignation
    of the new company, "and that his connection with the business cease
    upon its acceptance," he tendered his resignation unconditionally, which
    was accepted by letter directing him to terminate his connection with the
    company the next day, and authorizing him to draw his salary to the end
    of the month. He accepted such payment, and, without objection, turned
    over everything in his possession connected with the business, and never
    again offered his services. *Held* that, even if any contract of employment
    between plaintiff and defendant existed at that time, it was terminated
    by mutual agreement.

Appeal from circuit court, New York county.

Action by Simon M. Merrill against the Wakefield Rattan Com-
pany. From a judgment dismissing the complaint, plaintiff appeals.
Affirmed.

Plaintiff is a resident of New York City, and defendant a Massachusetts
corporation, with its principal office in Boston. Prior to January 1, 1892,
plaintiff had been for a long time general manager of defendant's office, at
924 Broadway, in the city of New York, at an annual salary of $2,500. In
March, 1892, a new corporation was formed,—the Wakefield Rattan Company
of New York,—which took over the New York business of the defendant.
The title to the property in New York was transferred to it, and it opened
a bank account in its own name. Plaintiff became the president and a di-
rector of this company. No salary attached directly to the offices, but his
old one continued in force, and was paid by checks of the New York com-
pany. His duties remained, in character, the same; but his services now
forwarded a business which, in name, belonged, not to defendant, but to the
New York company. On February 15, 1893, defendant wrote to plaintiff,
requesting his resignation as president and director of the New York com-
pany, and that his connection with the business cease upon its acceptance.
The next day he wrote, tendering his resignation unconditionally. The day
succeeding, defendant wrote, accepting the resignation, authorizing him to

draw his salary to March 1st, and directing him to terminate his connection with the company at the close of business the next day, February 18th. He sues to recover the unpaid balance of salary for the year 1893 at the rate of $2,500 per annum. He was defeated upon the ground that he entered the service of the New York company on March 11, 1892, and that the defendant ceased to be liable to him from that date.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS, O'BRIEN, and PATTERSON, JJ.

Bacon & Van Steenbergh, for appellant.

John S. Davenport, for respondent.

BARRETT, J. We need not consider the point upon which the complaint was dismissed, nor the reasons given by the learned judge for the dismissal. It was properly dismissed, if, for any reason, the plaintiff had no legal claim against the defendant. Now, assuming that the contract relation between the parties was unaffected by the formation of the New York company, or by the position in that company which the plaintiff took, still that contract relation terminated by what transpired when the plaintiff finally retired. At that time he not only resigned from the New York company, but completely severed his connection with the defendant's business. He did not resign with a reservation, did not even suggest a continuing contract with the defendant, and never again offered his services. On the contrary, although his resignation occurred on the 18th of February, he accepted his salary for the current month, namely, until the 1st of March, and then, without a word of complaint or objection, turned over to his successor the keys of the store, and the books of account and papers in his possession. It is quite immaterial how the resignation was brought about. The defendant requested it, and the plaintiff gave it. Possibly,—probably, even,—a refusal to resign would have been followed by a dismissal, but still there was no compulsion. There was a strong intimation of what was impending, but there was in fact no dismissal and no breach. The contract was canceled by mutual consent, and that is necessarily the end of plaintiff's case.

The complaint was properly dismissed, and the judgment appealed from should be affirmed, with costs. All concur.