(18 App. Div. 89.)
VAN AIKEN v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 11, 1897.)

1. PLEADING—COMPLAINT—INCONSISTENT ALLEGATIONS.
    A complaint by a contractor to recover money alleged to be due from defendant city on a sewer contract, but which defendant claimed the right under the contract to retain as liquidated damages for delay in completing the sewer, is not inconsistent on its face because it alleges delay by defendant and full performance of the contract by plaintiff.

2. ACCORD AND SATISFACTION—RECEIPTS.
    Plaintiff constructed a sewer for defendant city under a contract authorizing it to retain part of the contract price on certain contingencies. A bill

made out for the contract price, with a deduction for "excess of inspection,", bore a certificate by the proper officer that the work had been done according to the contract and was satisfactory, and at the foot of it was a receipt, signed by plaintiff, "in full of all claims and demands on this contract, excepting the amount retained as security for repairs." Plaintiff also signed a general release, which, however, expressly excepted from its operation any claim for money retained by defendant for "excess of inspection." *Held,* that the receipt did not constitute an accord and satisfaction.

Appeal from trial term, New York county.

Transferred from First department.

Action by Elmer S. Van Aiken against the mayor, aldermen, and commonalty of the city of New York on contracts for the construction of sewers. The complaint was dismissed, and plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

L. Laflin Kellogg, for appellant.

Chase Mollen, for respondents.

WILLARD BARTLETT, J. It is necessary to consider only the first and second causes of action set out in the complaint, as no proof was offered upon the trial to sustain the third cause of action. The plaintiff, under contracts with the city of New York, built a sewer in 96th street and another in 105th street. He claims that the city still owes him $380 on the first contract and $340 on the second. The city, on the other hand, insists that these amounts have been rightfully withheld, under a provision in each contract which authorized the defendants to deduct $20 a day as liquidated damages for the noncompletion of the work within a specified number of days. In the contract for the 96th street sewer this provision reads as follows:

"(E) The said party of the second part [the plaintiff] hereby further agrees that he will commence the aforesaid work on such day and at such place or places as the said commissioner [of public works] may designate, and progress therewith so as to complete the same in accordance with this agreement on or before the expiration of one hundred days thereafter, * * * and that in the computation of said time, expressed in days and parts of a day, during which the work, or any part or section thereof, has been delayed in consequence of the condition of the weather, or tides, or by any act or omission of the parties of the first part, all of which shall be determined by the said commissioner of public works, who shall certify to the same in writing, and also Sundays and holidays, on which no work is done, and days on which the prosecution of the whole work is suspended by order in writing by the said commissioner, shall be excluded. * * * And the said party of the second part further agrees that the said parties of the first part [meaning the defendants] shall be, and they are hereby, authorized to deduct and retain, out of the moneys which may be due or become due to the said party of the second part under this agreement, as damages for the noncompletion of the work aforesaid within the time hereinbefore stipulated for its completion, the sum of twenty dollars for each and every day the aggregate time of all the inspectors employed upon said work may exceed the said stipulated time for its completion."

The only difference in clause E in the contract for the 105th street sewer was that it fixed 110 instead of 100 days as the period within which the work should be completed.

The plaintiff in the complaint alleged the full performance of

all the conditions and covenants of both contracts on his part, and the defendants' failure to fulfill them, in delaying the work and omitting to pay the entire amounts due. By way of defense, the city pleaded, not only the rightful retention as liquidated damages under clause E of the sums claimed by the plaintiff, but also two general releases executed by him on or about the 9th day of November, 1893. Upon the trial, there were put in evidence two instruments, which were in form bills by the plaintiff against the city for the sums received by him under these two contracts. Each instrument was entitled "Payment on Acceptance of Work." In each there was the deduction for "excess of inspection" of which the plaintiff now complains. Upon each was a certificate of the deputy commissioner of public works that the work mentioned in the contract therein specified had been completed according to the terms of said contract and was satisfactory, and at the foot of each was a receipt, signed by the plaintiff, which was expressed to be "in full for all claims and demands on this contract, excepting the amount retained as security for repairs." At the close of the plaintiff's case, the learned trial judge dismissed the complaint, on the ground that those receipts constituted an accord and satisfaction under the authority of Fuller v. Kemp, 138 N. Y. 231, 33 N. E. 1034. He also expressed the opinion that the complaint was inconsistent upon its face, because it alleged delay by the city as well as full performance of the contract by the plaintiff.

As to the latter objection, I think the allegation was proper, inasmuch as in a suit of this character it seems incumbent upon the plaintiff to show that the delay on account of which the money is withheld by the city has really been caused by the city itself. Phelan v. Mayor, etc., 119 N. Y. 86, 23 N. E. 175. Nor can the receipts be deemed to establish an accord and satisfaction without ignoring other evidence in the case which the plaintiff was entitled to have considered. In regard to the contract for the 105th street sewer, there was before the court, not only the receipt dated on November 9, 1893, but also a general release from the plaintiff to the city, bearing the same date and specifically referring to the same work, but expressly excepting from its operation any legal claim which the plaintiff might have on account of the amount retained for "excess of inspection." Taking this instrument and the contemporaneous receipt together, they seem to me to manifest an intent on the part of the plaintiff to keep out of the adjustment any settlement or admission of the city's claim to liquidated damages on account of the noncompletion of the work in time. They preclude rather than support the idea of an accord and satisfaction. In respect to the work on the 96th street contract, there is no such release in the record; but the court received testimony from the plaintiff to the effect that, when he signed the receipt for that work, he obtained the consent of the representatives of the city that it should not affect his claim to be repaid the amount withheld on the ground that performance had been unduly delayed. With this evidence in the case, an accord and satisfaction had not been made out as matter of law.

But, even though we may be unable to agree with the learned judge below in the reasons, which led him to dismiss the complaint, we must sustain the dismissal if it appears that the plaintiff has no cause of action against the defendants. Merrill v. Rattan Co., 1 App. Div. 118, 37 N. Y. Supp. 64. It is necessary, therefore, to look into the case far enough to see whether there is any view upon which the plaintiff would be entitled to a recovery. Under the contracts in suit here, as in Phelan v. Mayor, etc., supra, it would seem to be a condition precedent to the plaintiff's right to be relieved from the deductions for delay that the question of responsibility for such delay should have been passed upon by the commissioner of public works, or that it should appear that the commissioner had refused to make the prescribed certificate on the subject. The certificate attached to the receipts already mentioned cannot be deemed to be the certificate of deductions contemplated by clause E of the contract; for a similarly certified receipt was in the record in the Phelan Case, and yet the court there declared that the commissioner had made no determination in regard to the delays in completing the work. Of course, this could not have been said if the certificate upon the receipt had been regarded as a certificate under the clause of the contract relating to deductions. Now, in the case at bar, although the plaintiff had not procured any certificate under clause E, he had endeavored to do so. "After the work was all completed," he testified, "I went to the commissioner of public works in regard to the delays that had been occasioned. I went there with the request to get the time off, and was refused. Q. He refused that? A. Yes; he didn't take it off, at least. Q. And did you ask him to make a certificate of these delays,—of what had been occasioned by these delays? A. Yes; I did. Q. And he refused to do it? A. Yes." All this evidence came in without objection. It tended to show that the commissioner had withheld the certificate to which the plaintiff was entitled, and to bring the case within the principle of Bowery Nat. Bank v. Mayor, etc., 63 N. Y. 336. After the last answer above quoted, however, objection was made for the first time in behalf of the city, and the appeal book states the proceedings as follows: "Objected to, and motion to strike out all testimony as to the refusal. There is no allegation in the complaint which enables them to offer any such proof as that. Motion granted to strike out. The complaint does not allege that as a ground for avoiding the final certificate. Mr. Kellogg excepts."

After this proof was in the case, without having been objected to at all, I do not think it should have been stricken out as inadmissible under the pleadings; but, if necessary, the plaintiff should have been allowed to amend. In any event, the fact that such evidence exists and is available to the plaintiff precludes us from holding that he has no legal claim against the defendants enforceable in this action. It follows, therefore, that we should order a new trial. All concur.