(30 Misc. Rep. 384.)

MAIRS et al. v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. January, 1900.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—DELAY.
    Under an implied agreement in a contract with a city for the building of a bridge that defendant had not done, and would not do, anything to delay plaintiff's performance thereof, where a water pipe was discovered to be in plaintiff's way, and was there by express permission of defendant, and was not legally removable by plaintiff, it was incumbent on defendant, after notice from plaintiff, to remove same, or make some provision for the protection or removal thereof.

2. SAME—UNFORESEEN OBSTRUCTIONS.
    Plaintiff encountered a large iron water pipe, the property of a water company, located by express permission of defendant city at the place where plaintiff was required to sink one of the cribs for the bridge under its contract. With the pipe plaintiff had no legal right to interfere. Held, that the same was not an "unforeseen obstruction," respecting which plaintiff took his chances.

**3. CONTRACTS—RELEASE.**

> A release which expressly excepts from its operation all legal claims of the contractor under his contract does not operate to discharge his claims against his principal for delay growing out of such principal's breach of one of the implied conditions of the contract.

Action by Charles F. Mairs and another against the mayor, aldermen, and commonalty of the city of New York. Judgment for plaintiffs.

Kellogg, Rose & Smith, for plaintiffs.
John Whalen and Chas. Blandy, for defendant.

McADAM, J. It was an implied condition of the contract between the city and Mr. Mairs, the contractor, that the defendant had not done, and would not do, anything that would delay the contractor from completing his contract according to its provisions. Allaman v. Mayor, etc., 43 Barb. 33; French v. City of Syracuse, 18 Misc. Rep., at page 280, 41 N. Y. Supp. 1036; Mansfield v. Railroad Co., 102 N. Y. 205, 6 N. E. 386. The delays complained of by the contractor were caused by the presence of a large iron pipe carrying water from the Westchester waterworks across the Harlem river to City Island, which pipe was located at a place where the contractor was required to sink one of the cribs for the contemplated bridge. This pipe was there by the express permission of the defendant, and was therefore a legal structure, with which the contractor had no right to interfere. The defendant, after notice that this pipe prevented the contractor from proceeding with his work, was bound to revoke its permission to the water company, or make some provision for the protection or removal of the pipe, that the contractor's work might proceed. The contractor would have been a trespasser if he had interfered with the pipe, and his contract neither authorized nor justified illegal acts upon his part. If not liable from the time the pipe first impeded the work of the contractor, the defendant was certainly liable for the delays caused by the presence of the pipe after notice, and the expiration of a reasonable time for its removal. As the amount of the damages has been fixed by stipulation, the court has been relieved from the duty of deciding at what time they should commence, and what items they should embrace, to satisfy the legal measure. The claim urged by the defendant, that the presence of the pipe was one of the unforeseen obstructions respecting which the contractor took his chances, is untenable; for it was not an obstruction removable by him, but legalized by the defendant, as far as its permission could legalize it. The contractor could not interfere with its presence, nor was he obliged to run any risk concerning it. Any impairment of it might have made him liable in heavy damages.

The release relied on by the defendant by its express terms excepts from its operation all legal claims of the contractor under his contract. Van Aiken v. City of New York, 18 App. Div. 89, 45 N. Y. Supp. 467. Whether the city officials ought to have accepted such a release is not for the court to determine. The city was not entitled to any release, and probably this is the best the contractor

was willing to give. At all events, it does not operate to discharge the claim for delays growing out of the defendant's breach of one of the implied conditions of the contract, and is no defense to the action.

The item of $174 will be disallowed, and judgment directed in favor of the plaintiffs for the delays caused by the presence of the pipe, to wit, the sum of $2,330, with interest.