### CALLANAN ROAD IMP. CO. v. VILLAGE OF ONEONTA.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

1. MUNICIPAL CORPORATIONS—CONTRACTS—LIQUIDATED DAMAGES—WAIVER.

A contract to pave and curb streets, under which the village was to furnish the curbing, was not completed on time because of the failure of the village to furnish the contractor with the curbing. *Held*, that such failure constituted a waiver of the provision as to liquidated damages for failure to complete the work at a specified time.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 894.]

2. SAME—EFFECT.

Where a village waives a provision for liquidated damages for delay in completion of a contract to pave and curb streets by failure to perform its part of the contract on time, it is not incumbent on the contractor to submit to the village engineer any claim which he had by reason of such failure.

**3. SAME—LIQUIDATED DAMAGES—CONSTRUCTION.**

> After the execution of a contract to pave and curb certain village streets, the village widened one of the streets, making additional work for the contractor. *Held*, that a provision for liquidated damages for failure to complete the work at specified times did not apply to the work on the widened street.

Appeal from Trial Term, Otsego County.

Action by the Callanan Road Company against the village of Oneonta. Judgment for plaintiff, and defendant appeals. Affirmed.

In August, 1901, plaintiff's assignor entered into a contract with the defendant, the village of Oneonta, to pave certain parts of Main, Chestnut, and Broad streets, in said village, and to set the curbing in said streets, and to furnish therefor all the labor and material, except that the curbing was to be furnished by the defendant. By the contract the work was to be completed the first of the following November, and liquidated damages in the sum of $50 were to be paid by the contractor for each day, Sundays and holidays excepted, after the said 1st day of November, 1901, during which the said work or any part thereof should remain unfinished. There was a provision in the contract that it might be necessary to defer the work on Chestnut street until the year 1902, in which case it was agreed that notice to that effect would be given to the contractor, which notice should fix the time during the year 1902 within which the work on Chestnut street should be performed, and that the provisions of the contract should apply thereto in all respects as fully as though constructed during the year 1901. Notice was given to the contractor by the defendant on August 27, 1901, that the work on Chestnut street should be deferred until the year 1902, and should be begun as soon as April 20, 1902, and completed by June 20, 1902. The work on Main and Broad streets was not completed until June, 1902, and the work on Chestnut street was not completed until August, 1902. The defendant, seeking to enforce the provisions of the contract as to liquidated damages for nonperformance of the work within the time specified by the contract, deducted from the contract price $4,800, being $50 a day for 96 days, 13 of which were in November, 1901, 49 of which were after April 16, 1902, for delay in the Main and Broad street work, and 34 of which were after June 21, 1902, for delay in the Chestnut street work. By what method defendant fixed the number of days and the particular days as above indicated is not material to this inquiry. The Trial Court disallowed this claim for liquidated damages. The sole controversy here relates to the right of the defendant to enforce such claim.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

D. W. Miller, for appellant.

Page, Tully & Ferris (H. D. Hinman, of counsel), for respondent.

COCHRANE, J.   In Dannat v. Fuller, 120 N. Y. 558, 24 N. E. 816, it is said:

"It is a well-settled rule that, where one party demands strict performance as to time by another party, he must perform on his part all the conditions which are requisite in order to enable the other party to perform his part, and a failure on the part of the party demanding performance to do the preliminary work required in order to enable the other party to complete his within the time limited operates as a waiver of the time provision in the contract."

In Weeks v. Little, 89 N. Y. 566, the headnote is as follows:

"Where, by a building contract, damages for delay on the part of the contractor to perform his contract within the time limited were fixed and liquidated, and the work contracted for could not be completed until other work

to be done by the owner was finished, held, that a failure on the part of the latter to finish his work in season to enable the contractor to complete his contract within the time specified was a sufficient excuse for delay, and discharged him from liability for the liquidated damages, and this, although some work not affected by the delay of the owner was not completed within the time; that as the damages were payable upon a failure of entire completion, which was rendered impossible by the owner's act, a recovery could not be had for a failure which she made inevitable."

In the present case it appears that over 10,000 feet of new curbing was required to complete the work. This curbing the defendant by its contract agreed to furnish. It furnished less than 3,500 feet prior to November 1, 1901, the time fixed for the completion of the work on Main and Broad streets. No curbing was furnished for Broad street prior to that time. Some of the work on Main street also lacked curbing which was not furnished until 1902. No part of the contractor's work except excavation could be performed until the curbing, where new curbing was used, was furnished. These facts were proved by the defendant's engineer, and, under the authorities cited, establish a waiver on the part of the defendant as to the provisions for liquidated damages so far as the work on Main and Broad streets is concerned.

Defendant contends that it was incumbent on the contractor to submit to the defendant's engineer any claim for delay arising by reason of any act or omission on the part of the defendant, and that it was the province of such engineer to adjudge the number of days the work was delayed by reason of such fault of the defendant. That would doubtless be required under this contract had the defendant not waived the liquidated damages. That was the purport of the decision in Phelan v. Mayor, etc., of New York, 119 N. Y. 86, 23 N. E. 175, greatly relied on by defendant. But there was no element of waiver in that case. Such requirement is only necessary for the purpose of diminishing the contractor's liability for liquidated damages, and is of no consequence when such damages are waived by the defendant. The difficulty here is that the defendant not merely delayed performance of the contract, but made performance thereof impossible within the specified time. After the defendant gave to the contractor notice deferring the work on Chestnut street until 1902, and fixing the time within that year during which the work should be performed, it proceeded to acquire land for the purpose of widening such street. The contractor began work on Chestnut street May 29, 1902, and at that time the village was still engaged in the process of widening the street. To what extent the street was widened and how much such additional work was thereby necessitated does not appear. But it is certain that additional time was required for the performance of such additional work. The contract between the parties had reference to the streets as they existed at the time such contract was made. It did not contemplate the widening of any of those streets and the increased work resulting therefrom. The contract was that the contractor should by June 20, 1902, complete the work on Chestnut street as such street was when the contract was made, and not as it might be subsequently changed by the defendant. The provisions in the contract as to liqui-

dated damages certainly do not apply to Chestnut street changed as it was by the defendant after the contract was made, and in a manner not therein contemplated.

There is no claim in this case that the plaintiff and its assignor have not faithfully performed the contract except as to the time limits. The defense rests absolutely on nothing save that it is "so nominated in the bond." While the defendant is for that reason alone entirely justified in its claim, and it would be the duty of the courts to sustain it, nevertheless such claim is highly penal in its characteristics, and whenever a party attempts to enforce such a claim he should be quite certain that he is himself without fault and has fully observed on his part the requirements of his contract.

The judgment should be affirmed, with costs. All concur.