NEW YORK LIFE INSURANCE COMPANY v. GUS D. THOMAS.

Decided June 26, 1907.

1.—Employment—Discharge—Resignation.

No action will lie for wrongful discharge from employment by one whose formal resignation of his position was accepted by the employer. The fact that plaintiff was given the alternative of resignation or discharge did not constitute duress avoiding such resignation.

2.—Same—Pleading.

In an action for wrongful discharge from employment the general denial is sufficient to permit proof that plaintiff resigned his position.

3.—Contract—Intention to Terminate.

The declared intention to terminate plaintiff's contract of employment in the future was not a present abandonment. His resignation under such threat was not equivalent to a discharge where the performance was continued by both parties till such resignation took effect.

Error from the County Court of Dallas County. Tried below before Hon. Hiram F. Lively.

*James H. McIntosh* and *Locke & Locke,* for plaintiff in error.— The court erred in refusing the defendant's requested special charge directing a verdict for the defendant, because the resignation of the plaintiff and the acceptance thereof by the defendant consti- tute a written contract, whose terms and legal effect could not be waived by parol evidence. Wharton v. Christie, 53 N. J. Law, 607; Merrill v. Wakefield Rattan Co., 37 N. Y. Supp., 64; Bell v. Gund, 110 Wis., 271; Alexander v. Trufant Com. Co., 34 S. W. Rep., 182; Kilgore v. N. W. Tex. Bap. Ed. Assn., 90 Texas, 139; Younger v. Welch, 22 Texas, 417; Greenwall Theatrical Co. v. Markowitz, 97 Texas, 479; Avery v. Bowden, 5 El. & B., 714; Reid v. Hoskins, 5 El. & B., 729; Kadish v. Young, 108 Ill., 170, 48 Am. Rep., 548; Roebling's Sons v. Lock Stitch Fence Co., 130 Ill., 660; Bernstein v. Meech, 130 N. Y., 354; Smith v. Ga. Loan, Svgs. & Bkg. Co., 113 Ga., 975; New Brunswick & Canada R. Co. v. Wheeler & Co., 12 Fed. Rep., 377.

*Etheridge & Baker,* and *H. E. Jackson,* for defendant in error.— A trial court is not authorized to enlarge the issues presented in the pleadings, and submit to the jury issues raised in the evidence, but having no foundation in the pleadings. Mims v. Mitchell, 1 Texas, 447; Galveston, H. & S. A. Ry. Co. v. Henry and Dilley, 65 Texas, 689; Houchin v. McClaugherty, 27 S. W. Rep., 774; Tinsley v. Periniman, 83 Texas, 58; Texas & Pac. Ry. Co. v. Johnson, 34 S. W. Rep., 187; Guess v. Lubbock, 5 Texas, 539; Smothers v. Field, 65 Texas, 436; Harvey v. Cummings, 68 Texas, 607; Cupples W. U. Co. v. Hill, 59 S. W. Rep., 318.

There was no error in the action of the trial court in refusing to direct a verdict · for the defendant, for the reason that there was legal evidence which tended to support the plaintiff's right of action based upon the action of the defendant in discharging him prematurely. Jones v. Graham Transp. Co., 16 N. W. Rep., 893; Cumberland Co. v. Slack, 45 Md., 161.

KEY, Associate Justice.—Gus D. Thomas brought this suit against the New York Life Insurance Company for damages for wrongfully discharging him from its employ and withholding from him a bonus which it was alleged he was entitled to by the terms of the contract between him and the defendant.

The defendant interposed a general denial. There was a jury trial resulting in a judgment for the plaintiff for $600, and the de- fendant has brought the case up by writ of error.

There are but two assignments of error, by and under each of which it is contended that the court should have given a requested charge peremptorily instructing a verdict for the defendant. It is contended that such instruction should have been given (1) because under the written contract of employment defendant had the right to discharge plaintiff when he alleges he was discharged; and (2)

because the undisputed testimony shows that plaintiff was not in fact discharged, but that he voluntarily tendered his written resignation, which was accepted, thereby terminating the contract of employment.

A decision in the company's favor upon eith~ of the points referred to renders consideration of the other point unnecessary; and, for that reason, we pretermit the first question, because our decision will be in the company's favor upon the other question.

As to the latter point the testimony relied on by the plaintiff shows that Mr. Cook, the defendant's supervisor and manager, made several efforts to induce the plaintiff to accept another and subordinate position, which he declined to do, and that finally Mr. Cook said to him: "We want your resignation to take effect January 1, unless you accept this proposition." Thereupon the plaintiff tendered his resignation in writing, reading as follows:

"Dallas, Texas, Dec. 26, 1902.

Mr. Hamilton Cooke,
    Supervisor, N. Y. Life,
        Dallas, Texas.

Dear Sir—I hereby tender my resignation as agency director of the Dallas branch office of the New York Life Insurance Company, to take effect January 1, 1903. The cause of this is the deepest regret to me, but I thank the company for showing in their proposition submitted by you today that they appreciate the fact that the two mistakes I made were not intentional or wilful, but due to bad judgment on my part.

"Assuring you of my kindest feeling for the company and everyone connected with it, and my best wishes, I am, Yours very truly,
                                                Gus. D. Thomas,"
which Mr. Cooke accepted, and made the following endorsement thereon: "Accepted 12-26-02, Hamilton Cooke, Supervisor."

The plaintiff testified that Mr. Cooke told him that he could not remain with the company unless he would accept the subordinate position that was offered him, and that he did not voluntarily resign but was forced to do so by what was done and said by Mr. Cooke, as above recited. He also testified that he continued to work for the defendant up to the first day of January, 1903, and the company paid him up to that date.

It has been decided, and we think correctly, that a written resignation tendered and accepted, and not the result of duress, fraud or mistake, constitutes a binding contract, by which the original contract of employment is terminated and both parties released from further obligation thereunder. (Wharton v. Christie, 53 N. J. Law, 607; Merrill v. Wakefield Rattan Co., 37 N. Y. Supp., 64.) There is no pretense that the resignation in this case was the result of mistake or fraud. Nor will the testimony support the proposition that it was procured by duress. The most that can be said on that point is that the defendant threatened to discharge the plaintiff if he did not tender his resignation. Such a threat does not constitute duress. (Alexander v. Trufant, Com. Co., 34 S. W. Rep., 182, and the two

cases above cited.) However, it is contended on behalf of plaintiff that, as defendant's answer consisted of a general denial only, it can not avail itself of plaintiff's resignation as a defense. We are unable to agree with that contention. Defendant's general denial put in issue plaintiff's averment that he had been discharged by defendant, and the resignation and its acceptance, in connection with the other uncontroverted facts, show that he was not discharged at all, but voluntarily resigned in anticipation of a threatened and probable discharge. Defendant's request or demand that plaintiff should hand in his resignation, to take effect in the future, shows that it was not defendant's intention to immediately abandon the contract, and can be construed only as a declared intention to do so in the future. In Kilgore v. N. W. Texas Baptist Ed. Assn., 90 Texas, 139, it was said: "When the promisor is in good faith actively engaged in the performance of a contract, a declared intention to abandon it at some future time, however positively made, could not operate to terminate it, because he at the same time would, by his act of performance, be in a more emphatic manner affirming the existence of the contract and maintaining the terms thereof."

So in this case, treating the demand for the plaintiff's resignation in the future as a declared intention of defendant to abandon the contract in the future, still, as both parties continued performance under the contract until after the resignation was tendered and accepted and up to the time that, by its terms, it became effective, we think it must be held that plaintiff was not discharged at all; and we are equally as well satisfied that all the proof referred to was admissible under the general denial, because it showed that the plaintiff was not, in fact, discharged.

The case having been fully developed, and there being no controversy about the facts, the judgment of the court below will be reversed and judgment here rendered for defendant company.

*Reversed and rendered.*