THE VILLAGE OF ARGYLE, Respondent, *v.* FRED PLUNKETT and AMERICAN SURETY COMPANY OF NEW YORK, Appellants.

Third Department, December 28, 1916.

Municipal corporation — suit against municipal contractor and surety —liquidated damages — delay in performance caused by act of municipality — liquidated damages will not be apportioned.

Where a village delayed performance of work by a municipal contractor it cannot recover from the contractor and the surety on the contractor's bond the amount specified in the contract as liquidated damages for the non-performance, for the village itself was responsible for the delay in the completion of the work.   Nor can there be an apportionment of the liquidated damages under such circumstances.

Judgment against a municipal contractor and his surety, including a recovery of liquidated damages and also damages resulting from mechanics' liens filed against the municipality, reversed unless the plaintiff stipulates to deduct the amount awarded for liquidated damages.

Appeal by the defendants, Fred Plunkett and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 8th day of December, 1915, upon the report of a referee appointed to hear and determine the issues.

*Joseph A. Murphy,* for the appellant Fred Plunkett.

*Henry C. Willcox [Wilber W. Chambers* of counsel], for the appellant American Surety Company of New York.

*Fred A. Bratt,* for the respondent.

Howard, J.:

This action is by the village of Argyle against a surety company and a contractor to recover upon a bond given for the faithful performance of a contract. The issues presented by the pleadings were sent to a referee, and he has found against the defendants, specifying two items of damage, one because of the failure of the contractor to pay his bills, resulting in liens against the municipality which were paid by the municipality, and one growing out of the failure of the contractor to complete his work on time, resulting in liquidated damages. The first item is $1,428.62; the second $1,880. These aggregate $3,308.62.

In considering the subject of liquidated damages we feel that the learned referee failed to apply a certain fixed and well-recognized rule. The referee found as a fact that the village, the plaintiff herein, delayed the contractor twenty-one days in completing the work. The evidence supports this finding. This delay was a substantial hindrance to the progress of the work.

Where one party to a contract is himself partly responsible for the delay in the completion of the work, the clause in the contract providing for liquidated damages is abrogated. An apportionment of liquidated damages under such circumstances will not be tolerated. This doctrine, framed in various phraseology, has been announced so repeatedly and by such high authority that it would be surplusage to cite more than two or three of the leading cases. Among those readily at hand are *Dannat* v. *Fuller* (120 N. Y. 554); *Weeks* v. *Little* (89 id. 566);

*Callanan Road Improvement Co.* v. *Village of Oneonta* (117 App. Div. 332).

The latter case was decided by this court, and in the closing sentence of his opinion Mr. Justice COCHRANE said that "whenever a party attempts to enforce such a claim [one for liquidated damage for failure to complete the work on time] he should be quite certain that he is himself without fault and has fully observed on his part the requirements of his contract."

We see no reason why the rule should not be applied in the case before us. Liquidated damages savor of a penalty. The levying of such damages upon the party in default is a drastic enforcement of the contract. The party insisting upon this literal, strict and severe enforcement of the terms of a contract must be wholly free from fault. The plaintiff in this case does not stand before the court in that attitude.

It follows that the judgment should be reversed unless the plaintiff stipulates that it be modified by deducting the liquidated damages, in which case it should be affirmed as so modified.

All concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event, unless the plaintiff stipulates that the judgment be modified by deducting the liquidated damages, in which case the judgment is so modified, and as modified affirmed, with costs.